## Warnick et al. *versus* Grosholz.

1. When words are written, the general rule is that the court is to interpret them, but when they are merely spoken, the sense and meaning are for the jury.

2. When a jury have fixed the meaning of words, the legal effects and consequences are to be determined by the court.

3. When a mechanic who had been employed by a contractor was about to quit work for fear he would not get his pay, and the owner told him to do the work for him and he would see him paid, the debt is his own, and not another's, and he is bound by his parol promise.

[Warnick et al. *v.* Grosholz.]

ERROR to the District Court of Philadelphia. Assumpsit.

*B. Gerhard*, for plaintiff in error.

The opinion of the court was delivered January 13th, 1859, by

WOODWARD, J.—The plaintiffs count not upon a contract of guaranty, but on a direct assumption or undertaking of the defendant to them, and the evidence on which they relied to charge the defendant was his declaration as proved by Cochrane—"Go on with the work, that he had security for the building, and he would see it paid."

They had commenced the work under a contract with Barber, the builder, but he failing to do the work for them, which was to compensate them for the painting of the defendant's cottage, they had refused to proceed with the painting. They assigned their reasons to the defendant—"that Barber not doing their work over the Schuylkill, and that there was no mechanics' lien law in New Jersey which would enable them to charge the cottages as between them and Barber, therefore they were not bound to proceed with the painting of the cottages, and with Grosholz, the owner, they had no contract, and of course were not bound to go on." In these circumstances, Grosholz spoke the words in question, and on the faith of them the plaintiffs returned and finished the painting.

The court referred the words to the jury, to say whether they imported a direct undertaking or a guaranty.

This was clearly right. When words are written, the general rule is that the court shall interpret them, but when they are merely spoken, the sense and meaning intended are for the jury. Their meaning being fixed by the jury, their legal effect and consequence are determined by the court. The jury having ascertained that the defendant meant a direct promise and not a collateral guaranty of Barber's promise, the court held the defendant liable on the counts filed.

The learned counsel fears that this may be a dangerous precedent, whereby the salutary operation of the act of assembly of 26th April, 1855, which takes away the action on a parol promise of one man to answer for the debt or default of another, may be defeated and lost. If a jury is to pass on the parol promise, it is supposed they will always hold the promisor.

The statute was not made for such a case as this.

It requires written evidence to bind a man to answer for the debt of another, but when an employer tells a mechanic to do work for him and he will see him paid, the debt is his own, and not another's. The contract is as direct and personal as it is

possible for one to be made. It is *do ut facias.* The liability of
the promisor springs out of the promisee; the consideration
moves from the one directly to the other, and therefore it is not
within the statute, nor capable of becoming a precedent to the
damage of the statute.

The judgment is affirmed.