HORACE LANDON & another *vs.* LEWIS EMMONS.

A second mortgagee of personal property cannot maintain an action for the conversion of it against a purchaser to whom a first mortgagee, being entitled to the possession, has sold the entire property.

GRAY, J.   This is an action of tort, in the nature of trover, for the conversion of a wagon.   The facts of the case, as shown by the evidence at the trial, and the answers of the jury to the inquiries of the court, upon which a verdict for the defendant was directed, were as follows:   James M. Shores on the 20th of May 1865 made to Truman H. Shores a mortgage of the wagon, the condition of which was that he should pay certain debts, including one due from James and Truman jointly to the plaintiffs; and this mortgage was duly recorded.   On the 25th of May James made a second mortgage of the wagon to the plaintiffs, who immediately brought an action against James and

Truman on the debt mentioned in the first mortgage.   On the 29th of May Truman gave to James, and caused to be recorded, notice of his intention to foreclose his mortgage; and in August sold and delivered the wagon to the defendant.   While in his possession, the plaintiffs demanded it of him, and on the 16th of September brought this action.

The plaintiffs contend that upon these facts Truman was not authorized to foreclose his mortgage, or to take possession of or sell the property, and that the defendant's claiming and withholding the property, when demanded by the plaintiffs, was a wrongful conversion.   It is unnecessary to consider whether the notice of intention to foreclose was authorized by law, because we are of opinion that the plaintiffs had no such right of possession as to entitle them to maintain this action.

The grounds of this opinion are elementary, and may be briefly stated.   A mortgage of personal property, recorded as provided by our statutes, passes the title to the property, and also the right of possession, unless the mortgage, expressly or by necessary implication, provides that the possession shall be retained by the mortgagor.   *Boise* v. *Knox*, 10 Met. 40.   *Brackett* v. *Bullard*, 12 Met. 308.   A mortgagee, having the right of property, defeasible only on performance of the condition of the mortgage, may assign his mortgage, and sell the mortgaged property to a third person, subject only to the mortgagor's right of redemption.   *Homes* v. *Crane*, 2 Pick. 610.   Story on Bailments, § 327.   When the mortgagee is entitled to the possession of the property, the mortgagor, having no right to the possession as against the mortgagee or his assigns, cannot maintain an action of tort in the nature of trover.   *Holmes* v. *Bell*, 3 Cush. 324. *Goodrich* v. *Willard*, 2 Gray, 203.   *Leach* v. *Kimball*, 34 N. H. 568.   In the case before us the retention of possession by the mortgagor was not required by the terms of the first mortgage, or by the purpose for which it was given, as expressed in the condition.   A second mortgagee has no better title than the mortgagor as against a first mortgage duly recorded.   *Rugg* v *Barnes*, 2 Cush. 591.

In *Spaulding* v. *Barnes*, 4 Gray, 330, the reasons of decision

**are** not fully given by the court; and the sale by the mortgagee, against whom the mortgagor was allowed to maintain an action of tort in the nature of trover, was of part only of the mortgaged property, which might perhaps be held to be inconsistent with the rights of redemption by the mortgagor, and of attachment by his creditors, given by our statutes. See Rev. Sts. *c.* 90, §§ 78, 79; *c.* 107, §§ 40, 41; *c.* 109, §§ 25–29; St. 1844, *c.* 148; Gen. Sts. *c.* 123, §§ 62–71; *c.* 142, §§ 55–59; *c.* 151, §§ 5, 6; *Granger* v. *Kellogg*, 3 Gray, 490. Whether a sale by the mortgagee of part only of the mortgaged property would amount to a conversion, give the mortgagor an immediate right of possession, and enable him to maintain an action in the nature of trover, is a question which does not arise in the present case. It is sufficient to say that such an action by the mortgagor, because of a sale of the entire property by a mortgagee who is entitled to the possession, cannot be supported consistently with the authorities already cited or with principle. *Exceptions overruled.*

*I. Sumner,* for the plaintiffs.

*B. Palmer,* for the defendant.