WILLIAM MURRAY *vs.* BEDFIELD ERSKINE & another

Under a mortgage on a vessel to secure the payment of a sum in two instalments, by a deed containing a power to take possession of and sell her "in case the amount of the loan and interest, or any part thereof, shall remain due and unpaid after the time named for the payment thereof," the mortgagee may take possession of and sell her upon failure to pay the first instalment.

A vessel was mortgaged by a deed containing a power authorizing the mortgagee to take possession of and sell her upon failure to pay the mortgage debt. The debt was not paid and the mortgagee took possession under the mortgage and sold her. *Held,* that no action for her conversion would lie against the mortgagee, although on taking possession he made no claim to take her under the mortgage, but said that he took her to prevent the owner running her off, and although the sale was not in accordance with the terms of the mortgage deed.

TORT against Erskine and James H. Marquand for the conversion of a schooner. At the trial in the superior court, before *Brigham*, C. J., it appeared that the schooner was owned by the plaintiff and was mortgaged by him to the defendants on July 31, 1867, to secure the payment of $2660 with interest; $1250 on December 31, 1867, and the balance on July 31, 1868, by a deed containing the following clause : " It being mutually understood and agreed that, in case the amount of said loan and interest, or any part thereof, according to the terms of these presents, shall remain due and unpaid to said Erskine and Marquand after the expiration of the time hereinbefore named for the payment thereof, the said Erskine and Marquand may take possession of said schooner and appurtenances, and sell the same at public auction, in order to satisfy what may then remain due, without any proceedings in court or otherwise, for the purpose of authorizing such sale, and thereupon may execute and deliver a sufficient bill of sale to transfer completely to any purchaser or purchasers all title and property in and to the said schooner and appurtenances, to the said Murray as owner thereof now belonging; the said Erskine and Marquand thereupon to account to the said Murray for any surplus of such sale after paying all charges and expenses." It further appeared that in February 1868, the first instalment under the mortgage being due and not paid, the defendants took possession of the schooner at Portsmouth in New

Hampshire, brought her to Boston, and there sold her by public auction.

The defendants offered evidence tending to show that they took possession of the vessel because they believed that the plaintiff intended to run her away to the West Indies.

The plaintiff contended that the defendants could not justify their acts under the mortgage; that the vessel was not seized or held under the mortgage; and that the mortgage did not give the defendants the right to seize and sell her as they had done; and he offered to introduce evidence to show that the proceedings of the defendants in the sale of the vessel had been irregular. But the judge ruled that the defendants had a right to seize the vessel under the mortgage; that the only question for the jury was whether they did seize her under the mortgage; and that if they did seize her under the mortgage, "their subsequent proceedings in the disposition of her need not be inquired into;" that the right to take possession of her "would not be affected by the fact that they were induced to exercise this right by the belief that the plaintiff was in the act of removing her to the West Indies, or to some place where they could not take possession of her; nor by the fact, that, in the act of taking possession of the schooner, they asserted no claim to take possession of her under the mortgage, and did then assert the claim, and no other claim, to take possession of her for the cause that the plaintiff was in the act of removing her to the West Indies or to some other place, in order to prevent them from taking possession of her; and that the jury would be warranted in finding that the defendants took possession of the schooner under the mortgage of her to them, and for the breach of the condition thereof, if they so asserted to the plaintiff in the act of taking possession, having the mortgage then present, or if they exhibited the mortgage to the plaintiff in the doing of the act, or from any other acts indicating that they had the purpose in following the schooner to take possession of her under their mortgage, and from their conduct and declarations in the act of taking possession of her, consistent with said purpose."

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*J. F. Pickering*, for the plaintiff.

*A. A. Ranney*, for the defendants.

AMES, J.   The mortgage, under which these defendants justify their acts, provides that in case the amount of the loan and interest, " or any part thereof," according to the terms of the contract, shall remain due and unpaid, after the expiration of the time therein named for the payment thereof, (that is, for the payment of any part of the loan,) the mortgagees may take possession of said schooner and sell her at public auction, in order to satisfy what may then remain due.   We see no ground on which it can be held that they cannot exercise this right until after the whole debt has matured or become payable ; or that they cannot apply the proceeds of the sale, so made, towards the whole of their debt, including that part which has not, as well as that which has, become actually payable at the time of the sale.   By the terms of the mortgage, the defendants had a right to take possession of the vessel, and cannot be charged as for a wrongful conversion of it to their own use by reason of their so doing ; nor would any irregularity in their subsequent proceedings in the sale, or in the application of the proceeds, make them liable for a conversion of the property, while the mortgage remained unredeemed. *Landon* v. *Emmons*, 97 Mass. 37.   It is immaterial whether their conduct was influenced by an apprehension that the plaintiff was about to send the vessel to a foreign country, or even whether they gave that reason for seizing her.   If the condition of the mortgage was violated, and if by their conduct or declarations they made it manifest to the plaintiff that they took possession as mortgagees, and on that ground, it was sufficient, and such in substance was the ruling at the trial.      *Exceptions overruled.*