TIMOTHY M. WALKER & others *vs.* JOSEPHINE L. HILL.

Hampden. Sept. 29, 1875. — Jan. 3, 1876. AMES & DEVENS, JJ., absent.

A. entered into a written contract with B., by which B. agreed to build a house and barn for A., and do all the carpenter's work, and furnish all the material for a gross sum. B. afterwards ordered of C. in his own name, the windows and doors necessary for the house and barn, and, after some of them were delivered and placed in the buildings, A. called at C.'s shop to get the rest of the windows, and was told by C. that he had doubts of B.'s solvency, and had concluded not to trust him for the goods, and for that reason had withheld the remaining windows, and A. thereupon directed the plaintiff to send the goods to B. and charge them to A., and promised to pay for them. C. afterwards gave no credit to B., but wholly to A., but did not inform B. of the conversation, and afterwards delivered the goods to B. as he called for them. *Held,* in an action by C. against A. that the jury were warranted in finding that the promise sued on was a promise to pay the defendant's own debt, and not a promise to answer for the debt of another within the statute of frauds.

CONTRACT for goods sold. At the trial in the Superior Court, before *Colburn,* J., the jury found for the plaintiffs, and the defendant alleged exceptions, the substance of which appears in the opinion.

*N. A. Leonard,* for the defendant.

*M. P. Knowlton & C. L. Long*, for the plaintiffs.

GRAY, C. J. The plaintiffs' right to recover is not disputed because the defendant is a married woman, or upon any other ground but that the contract sued on is a promise to answer for the debt of another, within the statute of frauds.

The evidence at the trial tended to show the following state of facts: In February, 1873, the defendant and one Warren entered into a written contract, by which Warren agreed to build a house and barn for the defendant, and to do all the carpenter's work and furnish all the material, for a gross sum. During the following summer, Warren ordered of the plaintiffs, in his own name, the windows and doors necessary for this house and barn. After most of these had been finished and delivered to Warren and placed in the buildings, the defendant's husband, acting in her behalf, called at the plaintiffs' shop to get the rest of the windows, and was informed by them that they had doubts of Warren's solvency, and had concluded not to trust him for the goods which he needed for the defendant's house, and for that reason had withheld the remaining windows; and the husband thereupon directed the plaintiff to send the goods to Warren and charge them to the defendant, and promised to pay for them. The plaintiffs, after this conversation, gave no credit to Warren, but wholly to the defendant, but did not inform Warren of the conversation, and afterwards delivered the goods to Warren as he called for them. The plaintiffs seek to recover the value of the goods so delivered after this promise of the defendant.

These facts warranted the jury in finding that the promise sued on was an express promise to pay the defendant's own debt, and not a promise to answer for any debt of Warren; and the case was submitted to them with appropriate and sufficient instructions.

Upon the facts which the evidence tended to prove, and which must have been found by the jury under the instructions of the court, the goods in question were sold directly to the defendant, and exclusively upon her credit. Even if the plaintiffs had previously agreed to deliver the goods to Warren, Warren had acquired no title in the specific goods, nor any interest in them which would prevent the plaintiffs from making a valid sale of them to another person. The plaintiffs could not indeed rescind their

contract with Warren without his consent. But if they utterly abandoned the contract with him and sold the goods to another, and thereby committed a breach of that contract, such breach, whether known or unknown°to Warren at the time, w;uld render them liable in damages to him and prevent their maintaining any action against him upon the contract. The fact that by their agreement with the defendant the goods were to be delivered exactly as if Warren was still their debtor for the price, and that even some charges on their books were in the name of Warren, no more conclusively showed that the defendant's promise was within the statute, than in the ordinary case in which goods purchased by one person are by him ordered to be delivered to another, in which case it is well settled that the seller may recover against the person ordering the goods, upon proof that they were sold and delivered upon his exclusive credit and that any charge upon the seller's books to the other person was made by mistake. Whether the defendant is still liable to Warren under his building contract does not appear, and has no bearing upon this case, by the judgment in which Warren's right as against either party can be in no way affected, except so far as the plaintiffs' recovery in this action may afford Warren an additional protection. The risk, which either party took by his own act, of further liability to Warren, affords no reason why the defendant should not be held liable to the plaintiffs on the direct promise which she made upon sufficient consideration and with knowledge of all the circumstances. *Allen* v. *Leonard,* 16 Gray, 202. *Swift* v. *Pierce,* 13 Allen, 136. *Sinclair* v. *Richardson,* 12 Vt. 33 *Warnick* v. *Grosholz,* 3 Grant, 234. *Kutzmeyer* v. *Ennis,* 3 Dutcher, 371. *Puckett* v. *Bates,* 4 Ala. 390, 392. *Exceptions overruled.*