CHARLES M. BUGBEE & another *vs.* PAUL H. KENDRICKEN.

Suffolk. Nov. 18, 1881. — March 1, 1882. MORTON, C. J., W. ALLEN & C. ALLEN, JJ., absent.

A refusal to give an instruction upon a count in a declaration which is not submitted to the jury, affords the defendant no ground of exception.

The refusal to give an instruction to the jury which is based on a part of the testimony only, affords no ground of exception.

In an action for goods sold and delivered, the fact that the goods are charged on the plaintiff's books to a third person is not, as matter of law, conclusive evidence that the defendant is not liable.

No exception lies to the refusal of a judge to instruct the jury as to what might be the effect of one fact taken separately, when it is accompanied and connected with other facts tending to establish the main issue.

CONTRACT. The first count was upon an account annexed for $318.26. The second count alleged a promise of the defendant to pay for building materials delivered to the firm of Tully Brothers & Walker. The plaintiffs also filed an amended declaration, as a substitute for the second count, alleging that the defendant, in consideration that the plaintiffs would deliver a quantity of building materials to Tully Brothers & Walker, promised to accept an order for the payment of said materials drawn by said firm of Tully Brothers & Walker upon the defendant, and to pay the same to the plaintiffs; that the plaintiffs, relying upon said promise, delivered said materials to said firm, to the amount of $318.26; that an order was drawn by said firm upon the defendant; and that he refused to accept the same. Answer: 1. A general denial. 2. The statute of frauds. After the former decision, reported 130 Mass. 437, the case was tried in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

It appeared that the defendant, in 1879, was building two houses in Boston; and that the firm of Tully Brothers & Walker had a contract with him to do all the work and supply all the materials for an entire sum.

Charles M. Bugbee, one of the plaintiffs, testified that the materials sued for were ordered by Edward J. Tully; that about the middle of September, somewhere from the 6th to the 23d, he had a conversation with the defendant, and told him that he was afraid he would not get pay for the materials, if he delivered them to Tully Brothers & Walker, and asked the defendant if he would accept an order for the amount of the bill; that the defendant said he would; that he then furnished the materials, and the firm signed the order; that he asked the defendant to accept it, and the defendant refused; that the defendant requested that the materials should be charged to the firm of Tully Brothers & Walker, and they were so charged. On cross-examination, he testified that after the materials were furnished, and before he got the order, he presented a bill for them to Tully, and did not present a bill to the defendant; that he could not tell how much of the materials charged was delivered after the defendant promised to accept the order; that some were delivered before and some after that date. In answer

to questions as to specific items charged under date of September 23, and subsequently, the witness testified that he did not know whether they were delivered before or after the defendant's promise; that about one third, perhaps one half, were delivered after; that he had no means of ascertaining what materials were delivered before and what after the promise to accept the order; that the dates of the charges did not represent the times of delivery; and that the defendant promised to pay the whole bill if the rest of the materials were delivered.

The son of one of the plaintiffs testified that he heard the defendant say he would accept an order for the full amount of the bill, if his father would deliver the rest of the materials. The plaintiffs' book of accounts was submitted to the jury.

The defendant put in evidence tending to show that he did not agree to accept an order for the materials, and that he told the plaintiffs that he would not be responsible for them.

After the evidence was all in, the defendant requested the judge to rule as follows: " An oral promise to accept an order, the terms of which are not ascertained or certain, the order not being in existence, is not binding; and in this case, as the only promise made, according to the plaintiffs' own case, was a promise 'to accept and pay an order if signed by Tully Brothers & Walker,' the plaintiffs cannot recover." The judge declined to give this instruction, on the grounds that it did not describe the order correctly to which the alleged promise to accept related, and was immaterial, as the second count was withdrawn.

The defendant also asked the judge to rule that the burden was upon the plaintiffs to prove what goods they delivered after the alleged promise was made, as clearly and affirmatively as if the action was for goods sold and delivered. " And as the plaintiffs testified that more than one third, perhaps half, these goods were delivered before the promise was made, and that they could not tell what goods were delivered after, nor the amount, the plaintiffs cannot recover." The judge gave this ruling, except the last clause, which was not given, because it did not state the plaintiffs' whole testimony on the subject in relation to the goods, or all the evidence on that subject.

The judge ruled that the promise to accept the order was too vague and uncertain, and withdrew the amended declaration from the jury, and ordered the case to the jury on the first count. In relation to the second request, the judge ruled that "the question of what goods, if any, were delivered, is to be determined by the jury upon all the evidence." The judge also instructed the jury that the plaintiffs could only recover for such goods, if any, charged in the first count, as were delivered, on the sole credit of the defendant, after the defendant's promise to pay for them, if any such promise was made ; that if full credit was not given to defendant, if the plaintiffs gave any credit to Tully Brothers & Walker, they could not recover; that the jury were to consider the matter of presenting the bill and charging the goods to Tully Brothers & Walker as evidence for the defendant, although not conclusive ; and that if this was done in pursuance of an arrangement with Kendricken and as merely a mode of payment, the plaintiffs could recover, no other objection existing to a recovery, but only for the goods delivered after the promise was made, and the jury should not consider any items prior to September 23. The judge also gave instructions not excepted to as to the effect of the defendant's contract, if it was a collateral one.

The defendant then requested the judge to instruct the jury as follows : "1. The plaintiffs, to recover on the first count, must show that the defendant or his agent bought the goods on his own account, and that they were charged to him, and that they looked to him alone, at the time of the purchase, for the price ; that, if there is no evidence of agency on the part of Tully Brothers & Walker, the plaintiffs cannot recover on that count, as the goods are charged to Tully Brothers & Walker and were contracted for by them. 2. The legal effect of an order is to pay a debt of the person drawing it, with funds belonging to him, supposed to be in the hands of the person upon whom the order is drawn, and it is for the jury to consider whether the plaintiffs did not admit, in demanding and receiving from Tully Brothers & Walker an order upon Kendricken, that they sold the goods upon the credit of Tully Brothers & Walker, and expected them to pay for the goods. 3. The jury are to find first whether Kendricken made the promise alleged to pay for

the goods, and if they find he did, then the jury are to find whether the plaintiffs relied solely on the credit of the defendant, Kendricken, for the price of the goods; if they find that they did not, then the plaintiffs cannot recover; for if the plaintiffs at the time the goods were delivered gave any credit to Tully Brothers & Walker, the persons who received the goods, or if they intended to look to both for pay, or delivered, supposing that if one did not pay the other would, then the plaintiffs cannot recover. 4. If the jury find that the defendant made the promise alleged to pay for the goods, and that the plaintiffs, relying upon that promise, ceased thereafter to look to Tully Brothers & Walker for payment, the plaintiffs can only recover for the price of the goods delivered after the promise was made, and the burden is on the plaintiffs to show what goods were delivered after the promise was made. 5. The jury are to consider the fact that the goods were contracted for by, and were charged to, Tully Brothers & Walker, in determining whether the plaintiffs gave any credit to Tully Brothers & Walker or not. The charge in the plaintiffs' books to Tully Brothers & Walker is *prima facie* evidence against the plaintiffs that they gave credit to Tully Brothers & Walker, and unless explained is conclusive; and if the jury find that, after the goods had been delivered, the plaintiffs presented a bill therefor to Tully Brothers & Walker, they are authorized in finding that the bill was presented in pursuance of a credit previously given to Tully Brothers & Walker, and in that case the plaintiffs cannot recover."

The judge refused to give the first and second requests for instructions; and gave the other instructions requested.

The jury returned a verdict for the plaintiffs for $293; and the defendant alleged exceptions.

*J. H. Burke*, for the defendant.

*J. M. Browne*, for the plaintiffs.

FIELD, J. The first ruling requested by the defendant was rightly refused, because the count in the declaration to which it related was withdrawn from the jury and the case submitted to them only on the first count.

The last clause of the second ruling requested was also rightly refused, for the reason given in the exceptions.

The first instruction which the defendant requested should be given to the jury was rightly refused, because it assumed that the plaintiff could not recover if the goods were not charged to the defendant on the plaintiffs' book. *Walker* v. *Hill*, 119 Mass. 249.

The second request for instructions was also rightly refused. The judge was not required to instruct the jury as to what might be the effect of one fact taken separately, when it is accompanied and connected with other facts tending to establish the main issue. *Green* v. *Boston & Lowell Railroad*, 128 Mass. 221, 227.

No error appears in the instructions given.

*Exceptions overruled.*