### DAVID L. WARFIELD *vs.* JAMES J. FISK.

Worcester.  Oct. 3, 1883. — Jan. 2, 1884.  FIELD & W. ALLEN, JJ., absent.

A bill in equity by the guardian of an insane person, to compel a reconveyance of land conveyed by his ward to the defendant, alleged that, although the deed was absolute in form, it was intended by the parties only as a mortgage to indemnify the defendant against loss upon a bond, executed by him as part of the same transaction, and conditioned for the payment of debts and legacies mentioned in the will of the obligee, said ward, in case the estate of the latter was not sufficient to pay them at the time of his decease. *Held*, on demurrer, that the deed was sufficiently alleged to have been a mortgage.

A guardian of an insane person may maintain a bill in equity, to compel a reconveyance of land conveyed by his ward to indemnify the grantee against loss upon a bond, executed by him as part of the same transaction, and conditioned for the payment of debts and legacies given by the will of the ward, in case the estate of the latter is not sufficient to pay them at the time of his decease, the deed, though absolute in form, having been intended by the parties only as a mortgage, the land being necessary for the ward's support, and a surrender of the bond and a release of the obligor's liability upon it being offered.

HOLMES, J.  This is a bill in equity, brought by the guardian of an insane person, to compel a reconveyance of land conveyed by his ward to the defendant.  The bill alleges that, although the deed was absolute in form, it was intended by the parties only as a mortgage to indemnify the defendant against loss upon a bond executed by him as part of the same transaction, and conditioned for the payment of debts and legacies mentioned in a certain will of the obligee, said ward, in case the estate of the latter was not sufficient to pay them at the time of his decease. It is alleged that this bond was the only consideration of the deed, and the bill offers to surrender it and to release the defendant from all liability upon it.  The land is necessary for the ward's support.  The defendant demurs.

There is nothing in the objection that the alleged mortgage is not collateral to any principal obligation ; *Campbell* v. *Dearborn*, 109 Mass. 130, 144 ; *Murphy* v. *Calley*, 1 Allen, 107 ; or that the transaction set forth was an absolute conveyance in consideration of the defendant's executing the bond.  The bill sufficiently alleges that it was a mortgage ; *Hassam* v. *Barrett*, 115 Mass. 256 ; and even if facts are admitted which would lead to a different conclusion at the hearing, we cannot draw

inferences of fact upon demurrer. The admissions are not sufficient to establish that the conveyance was absolute, as matter of law, against the express averments of the bill.

Assuming the transaction to have been a mortgage, the question is whether the plaintiff shows a title to be relieved from it. We are by no means prepared to say that a guardian has any more power, generally speaking, to discharge a bargain intelligently made by his ward, when *sui juris*, in support of his will, than he has to cancel the will itself. But in this case it is alleged that the mortgaged property is needed for the ward's support, and the guardian's application to the court for relief carries with it an application for any authority which this court can confer. The powers of guardians to make an election on behalf of their wards have been pretty liberally construed in Massachusetts, when otherwise the wards would lose important rights. *Chandler* v. *Simmons*, 97 Mass. 508. And we think that, as between the plaintiff and his ward, he may be upheld in his prayer to exercise all his ward's rights under this bargain, so far as they are not dependent upon a revocation of the will, just as he would have been in exhausting his ward's property, for the purpose of the ward's necessary support.

The question is therefore reduced to the rights of the defendant. At this point again, the plaintiff must rely upon the particular circumstances of the case. It is true, no doubt, that a mortgagee is not bound to allow redemption before the appointed time, and also, as a general proposition, that one who has contracted upon an executed consideration cannot be discharged without his consent. But where a mortgage is given merely by way of indemnity against the performance of a counter obligation, and the mortgagee has no interest to refuse a discharge of his counter obligation, but stands on his naked right, whereas the mortgagor has a substantial interest the other way, as part of the same bargain, it would be a sacrifice of substance to form if equity did not put forth its powers to compel the mortgagee to accept a release, in like manner as it might compel him to execute one. In either case, the coöperation of the defendant is necessary, but that is just what the procedure of equity enables it to secure. The purely technical character of this portion of the defence is obvious from the consideration that the plaintiff's

ward, if he were sane, could have accomplished the desired result by simply revoking his will.

The plaintiff therefore must prevail on the abstract questions of law raised by the demurrer.                    *Demurrer overruled.*

*F. P. Goulding*, for the defendant.

*T. G. Kent*, for the plaintiff.