## GEORGE W. POMEROY
### v.
## JOHN C. PATTERSON.

*Attorney and Client—Recovery of Fee—Evidence—Instructions—Diligence.*

This court declines, in view of the evidence, to interfere with the verdict for the plaintiff in an action brought by an attorney to recover for services rendered.

[Opinion filed March 13, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. T. L. HUMPHREYVILLE, for appellant.

Mr. LEVI SPRAGUE, for appellee.

GARY, J.   The appellee recovered, by the verdict of a jury and a judgment thereon, $163.75 against the appellant for services as an attorney. The evidence was conflicting, and the verdict is final, if the court committed no error.

The appellant complains of the refusal of this instruction:

"If the jury believe from the evidence that the services for which the plaintiff is claiming an unpaid balance due him were rendered in a law suit, wherein Clarence Pomeroy was the defendant and in which the plaintiff was employed in the first instance by Clarence, and in which the defendant in this case, George W. Pomeroy, had no interest except such feeling of interest as a father might have for a son, then no verbal promise on the part of the defendant to pay for such fees and services so rendered to his son, even if you should believe from the evidence he did make such a verbal promise, would be binding on the defendant, and unless a written agreement on his part to pay for services rendered to Clarence in such case is shown by the plaintiff, he can not recover."

This instruction is on the theory that if the appellee was first employed, and rendered some service to Clarence, no new arrangement (of which there was testimony) for further service for Clarence, on the credit of the appellant, would be binding unless in writing. That it is not the law. Walker v. Hill, 119 Mass. 249. On the trial the appellee testified to conversation with the appellant in the presence of Holland, a reporter for the Tribune.

On motion for new trial, Holland's affidavit was read stating that he did not hear what the appellee testified was said. But he also states that he did not see the appellant give to the appellee any money, which appellant admits he did do at the same time. Besides, the testimony of the appellee was given on a day on which the trial was not finished. The affidavit of the appellant is that though he "looked for Holland after the adjournment of court on that day, he was unable to ascertain and find his whereabouts," etc. He does not tell where he looked, or what efforts he made to find Holland.

It would seem that it should not be very difficult to find a reporter for a great daily newspaper in the city of Chicago, between 5 P. M. of one day and 10 A. M. of the next. There is no compliance with the rule as to diligence, often repeated, laid down in Crozier v. Cooper, 14 Ill. 139.

There is no error.                     *Judgment affirmed.*