SHERMAN L. WHIPPLE & another, assignees, *vs.* BENJAMIN F. DUTTON & others.

Suffolk. December 13, 1899. — March 1, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Pledge — Unauthorized Sale by Pledgee — Damages — Action.*

An unauthorized sale of pledged property by the pledgee does not cause him to lose his lien and render him liable for the value of the property, if no damage is sustained by the pledgor.

TORT, by the assignees in insolvency of the estate of the Beacon Cycle Manufacturing Company, for the conversion of five hundred bicycles. Trial in the Superior Court, without a jury, before *Lilley,* J., who allowed a bill of exceptions, in substance as follows.

During the years 1892 and 1893 the Beacon Cycle Manufacturing Company, a corporation, was engaged in Westborough in the manufacture and sale of bicycles. On June 26, 1893, the corporation entered into an agreement in writing with the defendants, which recited that the corporation had simultaneously delivered to the defendants five hundred "Nomad" bicycles for the purpose of securing money for its use as a corporation, and

had executed and delivered therewith its three promissory notes, each for $4,166.67, of even date, payable in thirty, sixty, and ninety days from date, the amount of the notes being made up by calling each of the bicycles of the value of $25 each; that if the first note was paid, the defendants should release one third of the five hundred bicycles on being paid $26 for each bicycle, the amount of the note being payment so far as the bicycles released, but if the note was not paid, then one third of the bicycles should be the absolute property of the defendants; that if the second note was paid, another one third of the bicycles should be released on the payment of $27 a bicycle; and if the third note was paid, then the remainder of the bicycles should be released on the payment of $28 each therefor, but if each note was not paid, then such one third of the bicycles should be the absolute property of the defendants; and that the whole number of bicycles might be released at the maturity of the first note " by paying $26 for the whole number of the five hundred bicycles, the other two notes to be then given up."

The five hundred bicycles were not delivered to the defendants as recited in this agreement, and later the same day the corporation executed the following paper: " This instrument entitles Houghton & Dutton to the delivery to them of five hundred Nomad bicycles, the same being an accepted order for said number of machines to be delivered to them as they may request, as rapidly as one hundred and fifty per week; and this delivery is to be on the terms of our agreement with them dated June 26, 1893, and is hereby made a part thereof; said machines having been paid for in cash and agreements." Wheels to the number of three hundred and forty-four were delivered to the defendants in June and July, 1893, at various times, and as delivered the defendants advanced to or paid the corporation at the rate of $25 a wheel. The balance of the five hundred wheels was never delivered, and the last of the three notes mentioned in the agreement was not used by the defendants or presented for payment. The corporation did not pay the notes referred to in the agreement at their maturity, and has never paid the same or any part thereof, but on October 7, 1893, was declared insolvent by the court of insolvency for the county

of Worcester upon a petition by one of its creditors, and on October 31, 1893, the plaintiffs were duly appointed assignees of the insolvent estate.

On October 12, 1893, the defendants began to sell the bicycles received under the agreements, at private sale and singly or in small lots, and all of them had been sold before June, 1894. The defendants did not serve any notice upon the corporation or upon the plaintiffs of an intention to sell; but the secretary of the corporation knew that sales were being made, and in general as to the price, and there was no evidence that he objected thereto. The sales were made openly at the large establishment of the defendants in Boston; and the bicycles were exhibited in the defendants' windows, where they were seen by an officer of the corporation.

It was not contended that the defendants did not use good judgment and diligence in effecting sales at favorable prices, the plaintiffs contending that the defendants had no right to sell at all.

In September, 1894, before the bringing of the writ, one of the plaintiffs called upon counsel for the defendants, to whom he had been referred by the defendants, and was informed that all the bicycles had been sold by the defendants, and that therefore they could not return them if demanded; and in reply to an inquiry whether a tender would be required, stated that it would do no good to make any demand or tender.

He further stated that upon failure of the corporation to pay its notes, he considered that the bicycles mentioned in the agreement became absolutely the property of the defendants; and that they recognized no rights of the assignees to recover the value of the goods. There was evidence that the bicycles were worth from $50 to $80 apiece.

The judge ruled, as requested by the defendants, that the plaintiffs were not entitled to recover, and found for the defendants; and the plaintiffs alleged exceptions.

*W. R. Sears,* for the plaintiffs.

*E. A. Whitman,* for the defendants.

MORTON, J. We assume, as the defendants contend, that the transactions of June 26 constituted a pledge of the bicycles received by the defendants, and that the subsequent sales as

made by the defendants were unauthorized. But it does not follow that the plaintiffs are entitled to recover the value of the bicycles thus sold. The defendants had possession of the bicycles, and had a lien on them for sums lent to the bicycle company which were overdue and unpaid. They had a right to foreclose the pledge in any manner authorized by law. The plaintiffs contend that they foreclosed in a manner unauthorized by law. But the only effect, it seems to us, of the unauthorized sales by the defendants was to entitle the plaintiffs to recover any damages sustained thereby. The plaintiffs admit in substance that the defendants used good judgment and diligence in selling and that the sales were effected at favorable prices, and it does not appear that the proceeds were more than enough to pay what was due the defendants. Under such circumstances we fail to see how the plaintiffs have sustained any damage. It would be singular if, having a right to foreclose the pledge, the defendants should be held to have lost their lien and to be liable for the value of the bicycles, because, without inflicting any damage thereby on the pledgor, they went the wrong way about the foreclosure, or claimed a greater right than they actually had. We do not think that such is the law. See *Dahill* v. *Booker*, 140 Mass. 308; *Farrar* v. *Paine*, 173 Mass. 58 and cases cited, *Halliday* v. *Holgate*, L. R. 3 Ex. 299; *Johnson* v. *Stear*, 15 C. B. (N. S.) 330.

Other questions have been raised and argued which, in consequence of the views expressed above, it does not seem to us necessary to consider.

*Exceptions overruled.*