## Herring *v.* Weinroth, Appellant.

*Appeals—Findings of fact by trial judge—Municipal Court of Philadelphia County.*

In a case tried in the Municipal Court of Philadelphia County without a jury, unless requests for findings of fact are presented to the trial judge, the disposition of questions of fact arising from the testimony will have the same effect and will be treated in the same manner as though the evidence had been submitted to a jury at common law.  The Superior Court will not disturb the conclusions of the judge when based on proper evidence or inferences fairly deducible from such evidence.

Where in such a case the issue is as to the terms or existence of a verbal contract of suretyship or guaranty the contradictions in the testimony, the course of dealing between the parties, the sense of the words used in connection with what the parties intended to express by them are questions of fact for the trial judge.

Argued Oct. 5, 1915.  Appeal, No. 284, Oct. T., 1914, by defendant, from judgment of Municipal Court, Philadelphia Co., March T., 1914, No. 26, for plaintiff in case

tried by the court without a jury in suit of David Herring, et al., trading as Herring Brothers, v. Max Weinroth. Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before Knowles, J.

From the record it appeared that the goods in question had been sold to Max Groveman, a brother-in-law of defendant, but charged to defendant under an alleged agreement of suretyship.

The evidence on the part of the plaintiffs showed that in 1911 they opened an account with the defendant under his name, and that it was never changed. Subsequently to that time, at the defendant's direction, various shipments of goods purchased by the defendant and charged to him were delivered to defendant's brother-in-law, Max Groveman, both the defendant and the said Groveman being engaged in business in the City of Philadelphia. On January 25, 1912, defendant wrote plaintiffs, a letter, suggesting to the plaintiffs to open an account with Groveman.

One of the plaintiffs testified that shortly after the receipt of this letter he called on the defendant at No. 308 Market street, Philadelphia, defendant's place of business, and had a conversation with the defendant in which he stated that he would not open an account with Groveman, as he considered that the latter was not responsible, and that if defendant wanted plaintiffs' merchandise to go to Groveman, he, the defendant, would have to give to the plaintiffs the privilege of charging the goods against him. Weinroth, the defendant, told the witness that if the account did not run up to more than five or six hundred dollars, plaintiffs should go ahead on this basis, and mail defendant the bills, so that he could keep track of how much Groveman was getting.

The suit brought was to recover on two invoices amounting to $576.02, on which defendant was entitled

to a credit of $5.10 for goods returned, and a payment of $100.00, leaving a balance of $470.92.

The defendant denied that there had been any interview as stated; denied that he had ever seen Herman Herring, a member of plaintiff's firm, who had testified as to the interview with the defendant. He testified that he had occupied only one floor of premises No. 308 Market street, whereas the said Herring had testified that the said interview took place on the second or third floor; that he had never seen the said Herring until he had come into the court room; that he had never learned after January 25, 1912, that plaintiffs were shipping goods to his brother-in-law until the latter part of December, 1913.

The court found in favor of the plaintiffs in the sum of $500.36, and judgment was entered thereon.

*Error assigned* was the judgment of the court.

*Alfred Aarons* and *Henry N. Wessel*, for appellant, cited: Fee v. Emporium Lumber Co., 50 Pa. Superior Ct. 557; Standiford v. Kloman, 234 Pa. 443; Peoples Nat. Gas Co. v. Braddock Wire Co., 155 Pa. 22.

*Julius C. Levi*, with him *David Mandel, Jr.*, for appellees, cited: Warnick v. Grosholz, 3 Grant 234; Bixler v. Lesh, 6 Pa. Superior Ct. 459; Pessano v. Eyre, 13 Pa. Superior Ct. 157.

OPINION BY KEPHART, J., December 20, 1915:

This is an appeal from the judgment of the Municipal Court after a trial by a judge without a jury. Unless requests for findings of fact are presented to the trial judge, the disposition of questions of fact arising from the testimony would have the same effect and should be treated in the same manner as though the evidence had been submitted to a jury at common law. This court will not disturb the conclusions of the judge when based on proper

evidence or inferences fairly deducible from such evidence. In this appeal the trial judge found that a contract existed between the parties and that the plaintiff had complied with its requirements. The contradictions that may have appeared in the testimony and whether the parties by a course of dealing intended anything different from the engagement found to exist, were questions of fact for the trial judge. These questions were determined adversely to the defendant. Appellant urges that the contract was not an original undertaking but is analogous in principle to an agreement of suretyship or guaranty, limited in effect to the price of goods as first purchased by the beneficiary in an amount not to exceed five hundred dollars and in no event was it a continuing obligation for the price of goods subsequently purchased. Had the parties acted under a written agreement the decision of this question would have been imposed on the court as a matter of law, but when the agreement is founded on spoken words and the course of dealing bears on the interpretation of the contract, the sense of the words used, in connection with what the parties intended to express by them, is exclusively one of fact: Maynes v. Atwater, 88 Pa. 496. If the contract is verbal it is, of course, one of fact to be ascertained by the jury, in this case, the trial judge: Forrest v. Nelson Bros. & Co., 108 Pa. 481. It was held in Warnick v. Grosholz, 3 Grant 234, that the question as to whether a parol contract was one of guaranty or direct undertaking was for the jury. The trial judge found the contract to be a direct undertaking. There was sufficient evidence to sustain his finding. The conduct of the parties, the manner in which their dealings had been conducted, and the fair inference to be deduced from the conversation of February, 1912, warrant the conclusion that the defendant's engagement was a continuing one; that the plaintiffs were authorized to ship goods to the defendant's brother-in-law and charge the defendant therefor. The limit of the defendant's liability was six hundred dollars, con-

529, (1915).]          Opinion of the Court.

tinuing until legally cancelled.  The only difference between their dealings prior to February, 1912, which dealings defendant admits, and those after that date, was that instead of requiring a written order from the defendant, the brother-in-law the beneficiary under the contract was authorized to order goods; and instead of a continuing general liability, there was substituted a continuing limited liability not to exceed six hundred dollars.  Though the account in the aggregate amounted to some two thousand dollars, it had been reduced by payments to less than six hundred dollars and was always within that figure on an open account.

The assignments of error are overruled, and the judgment is affirmed.