# Bechtel *v.* Combs Broad Street Conservatory of Music, Appellant.

*Master and servant — Contract of employment — Discharge — Damages.*

Where a contract provided that the plaintiff's minor daughter should enter the faculty of the conservatory of music, and teach for the ensuing year for the consideration of board, lodging, etc., and "one music lesson a week," the refusal of the daughter to play in a commencement concert, was not a failure to comply with the terms of the contract and the employer is liable for the damages sustained by reason of the daughter's discharge.

*Appeals—Findings of fact by trial judge—Municipal Court of Philadelphia.*

In an action involving a verbal contract, where the case for the respective parties is presented by oral evidence, the ascertainment of the facts from competent testimony, and the inference fairly deducible therefrom, was a duty to be discharged by the trial judge. Whatever findings of fact the jury might have arrived at from the testimony the trial judge may make with the same effect.

Argued Oct. 10, 1918. Appeal, No. 141, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, September T., 1917, No. 226, for plaintiff in case tried by the court without a jury in suit of John L. Bechtel v. Combs Broad Street Conservatory of Music. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on contract of employment. Before GILPIN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $210 and judgment was entered thereon.

*Error assigned,* among others, was the judgment of the court.

*Owen B. Jenkins,* for appellant.—The plaintiff's daughter must be regarded as an insubordinate pupil: Kirley v. Thom, 32 Pa. Superior Ct. 130; Teeter v. Horner Military Academy, 165 N. C. 564.

Even if the relation of master and servant was established she did not comply with the terms of the contract: Gallagher v. Wayne Steam Co., 188 Pa. 95; Elliot v. Wanamaker, 155 Pa. 67; O'Neill v. Schneller, 63 Pa. Superior Ct. 196; Penniston v. Huber, 196 Pa. 580; Corgan v. Lee Coal Co., 218 Pa. 386.

*Theo. Cuyler Patterson,* for appellee.

OPINION BY HENDERSON, J., April 21, 1919:

This action was brought on a parol agreement entered into on or about the 20th of June, 1916, between the plaintiff and the defendant and was tried before one of the judges of the Municipal Court without a jury. The contract as shown by the plaintiff's evidence was that the plaintiff's minor daughter, Alma, should enter the faculty of the conservatory and teach for the ensuing year. As compensation for her services, she was to receive "her board, room and washing and one lesson a week" from Mr. Combs, a member of the faculty. She had formerly been a pupil in the conservatory and had received a teacher's certificate therefrom, which recited her completion of the curriculum of studies in the piano and granted to her all the rights, honors and privileges pertaining to such certificate from the institution. She entered on the discharge of her duties pursuant to the agreement and continued so to do until January, 1917, when she was discharged from her position. The learned trial judge found that her dismissal was the result of a dispute between her and Mr. Combs in regard to a musical composition to be performed at the commencement exercises in the summer of 1917. He also found that there was nothing in the contract requiring her to take part in the exercises on that occasion. It is not contended by the appellant that she was under any obligation to participate in the graduating exercises as a teacher. The position taken is that she occupied the attitude of a pupil and was bound to obey the instruction of her preceptor; that she refused to accept and practice a musical composition which her instructor had submitted to her, and that she was therefore guilty of insubordination and properly discharged. There are twenty-nine assignments of error which relate principally to the alleged insubordination. The contract being verbal and the case for the respective parties having been presented by oral evidence, the ascertainment of the facts from competent testimony and the inferences fairly deducible

therefrom was a duty to be discharged by the trial judge. The witnesses were heard and their testimony considered, and weight must necessarily be given to the conclusions reached as the result of the trial: Herring v. Weinroth, 61 Pa. Superior Ct. 529. Whatever findings of fact a jury might have arrived at from the testimony the trial judge might make with the same effect. The court has found that the defendant violated the agreement made with the plaintiff; that the daughter was not under any obligation to take part in the commencement exercises, and that her dismissal had no other cause than her alleged refusal to perform some composition which she was asked to do. The case is treated by the appellant as if the daughter were a pupil in the school and therefore subject to the control and discipline of the faculty and bound to carry out the directions of that body with reference to the course of instruction, but the court found that she did not occupy such a position, and with that conclusion we agree. She was a teacher in the school. She was it is true to receive some instruction on the piano from one of the faculty, but that was part compensation to her for her services to the school. She was not bound to accept it if she saw fit to do her work for less than the defendant had agreed to pay her. We find nothing in the evidence which has any tendency to establish the proposition that she was required to take any part in the commencement exercises, and that is in fact admitted in the testimony of the defendant.

Objection is made to the measure of damages. The court allowed the plaintiff the value of what he lost as the result of the dismissal of the young woman from her employment. She was to have her board, lodging and laundering, and in addition thereto the instruction referred to. The evidence shows the value of these, and we are not convinced of error on the part of the court in respect thereto. Prima facie an employee is entitled to recover to the extent of his wages for the term, and the value of the wages is a matter of proof. Complaint is

made that the plaintiff did not show that reasonable effort was made to obtain employment for the daughter elsewhere. There is no doubt as to the rule that where a servant has been discharged without sufficient excuse before the expiration of his term of employment he is bound to use reasonable efforts to obtain another situation, but the burden of proof with respect to such effort is on the defendant. Plaintiff was not bound in the first instance to show what effort had been made by him or by his daughter to secure another position. The defendant was in default. It is a matter in mitigation in favor of the defendant, and such evidence is for the defendant to give: Emory v. Steckel, 126 Pa. 171.

Complaint is made by the appellee that the amount of the judgment is too small under the evidence, and we are asked to modify or increase it. It is unnecessary to enter into an examination of the facts as assumed in the argument, for the case is before us in a form which does not permit consideration of that subject. The appellee has not taken an appeal, and our only inquiry is whether the evidence is sufficient to support the judgment. The assignments are overruled and the judgment affirmed.