# North *v*. York Metal & Alloys Co., Appellant.

*Corporations—Merger—Notice of merger to employe—Master and servant—Discharge of servant—Notice—Rescinding contract—Recognizing contract by attempting to change it—Presumption.*

1. Where a new corporation is formed by the merger of two other companies, and accepts the services of a person under a contract of employment with one of the merged companies, and recognizes the contract by attempting to change its terms, the presumption is that the new company has fully accepted the terms of the prior obligation of employment.

2. Whether the employee, after being notified of such change in the contract, accepted the change, is a question for the jury.

3. Where a corporation merges with another and assumes a name almost precisely similar, with the same officers, if it desires to and may legally rescind the contract, the merged company is bound to notify an employee of the former company of the corporate change.

Argued May 19, 1924. Appeal, No. 63, Jan. T., 1924, by defendant, from judgment of C. P. York Co., April T., 1922, No. 106, on verdict for plaintiff, in case of H. B. North v. York Metal & Alloys Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for salary. Before ROSS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,792.18. Defendant appealed.

*Error assigned* was, inter alia, refusal of motion for judgment for defendant n. o. v., quoting record.

*Richard E. Cochran*, with him *Donald H. Yost, Jacob E. Weaver* and *George Hay Kain*, for appellant.—Appellee was a stranger not only to the contract between appellant and the Alloys Corporation, but to its con-

sideration as well: Plymire v. Boistle, 6 Watts 182; Adams v. Kuehn, 119 Pa. 76; Freeman v. P. R. R., 173 Pa. 274; Sweeney v. Houston, 243 Pa. 542; First M. E. Church v. Isenberg, 246 Pa. 221; Klingler v. Wick, 266 Pa. 1.

Appellee's conduct amounted in fact as well as in law to an acceptance of employment with a new employer on new terms: Thomas v. Heger, 174 Pa. 345; Mercer Co. v. McKee, 77 Pa. 170; Sulzberger's App., 190 Pa. 355; Vanuxem v. Bostwick, 19 W. N. C. 74.

*Henry C. Niles,* with him *Michael S. Niles, Charles A. May* and *Geo. E. Neff,* for appellee.

OPINION BY MR. JUSTICE KEPHART, July 8, 1924:

Plaintiff's statement avers a contract, partly oral and partly written, whereby plaintiff, in 1917, was employed to take charge of a chemical and research laboratory at a salary of $5,000 a year, to serve for one year, and thereafter until notice was given at least one year in advance that the services were no longer desired.   In 1918, the York Metal & Alloy Company, the other party to the contract, notified plaintiff that thereafter this salary would be increased to $6,000 a year; no other change was made or suggested in the terms of the employment. Dr. North continued in service until 1920.   During that year the name of the York Metal & Alloy Company was changed to the Alloys Corporation, and, on September 1, 1920, by deed the Alloys Corporation conveyed to the York Metal & Alloys Company all its plant, land, building, machinery and equipment, and all its business assets and property.   The Alloys Company, on September 1st, absorbed two other companies, and took possession of all their business.   It was agreed between the companies that the last named, the appellant, would assume all the former's liabilities, obligations and contracts, including the agreement with the plaintiff.   On October 20, 1920, plaintiff received a written communication informing

him defendant desired to change the agreement so that, instead of one year's notice to quit be given to him, three months' notice thereafter would suffice. Plaintiff declined to agree to this change and on December 31, 1920, a notice in writing was given stating his services would cease on March 15, 1921. All relations between the parties having ended, plaintiff sued for the unpaid salary for the balance of the term, recovering a judgment.

Appellant contends that as this was a contract for personal services of a highly skilled nature, the new company could not compel appellee to render such personal services without his consent: and hence appellant was not compelled to retain appellee longer; that appellee's services formed no part of the assets conveyed to the appellant in consideration of which appellant assumed to be bound by the selling corporation's written obligation to plaintiff. Appellee being a stranger to the contract between the buying and selling companies, there is no right of action against appellant.

The difficulty with these propositions is that Dr. North was not acquainted with the transfer between the two companies, and continued his work with the second company as theretofore. If appellant desired to sever relations with him, as now stated, and could lawfully do so, notice was bound to be given of its decision to discontinue him in employment. Having accepted his employment, after the sale was affected, and recognized the contract even to changing its terms, the presumption would be it had fully accepted and assumed the terms of the obligation. We state this without deciding that the contract of sale between the two companies did not carry with it as an obligation Dr. North's contract for personal services. Whether Dr. North, after being notified a change in the contract had been made by appellant, accepted that change, was a question for the jury.

The third assignment of error relating to the measure of damages would be serious if it were not for the fact

that what is complained of was fully and correctly covered in the general charge of the court.

Regarding similarity in names of corporations buying and selling, and unchanged interests, the case comes within Herring v. Weinroth, 61 Pa. Superior Ct. 529, and Atlas Portland Cement Co. v. American Brick and Clay Manufacturing Co., 280 Pa. 449. Here we have similarity of names, identity of officers, unchanged interests and the same attitude toward plaintiff while he was associated with appellant.

The assignments of error are overruled, and the judgment of the court below is affirmed.