*Municipal Court of the City of Boston*
No. 167607

**FRAMINGHAM ELECTRIC SUPPLY CO., INC.**

**v.**

**DUMONT RECORD DISTRIBUTING CORP.**

Argued: Feb. 16, 1968 Decided: March 28, 1968

*Present:* Gillen, J. (Presiding), Shamon, J., Gorrasi, Sp. J.

Case tried to *Glynn, J.*

*Gillen, J.* This is an action for goods sold. $917.00 have been paid. The amount sought here is $851.93, final payment for the goods sold.

An annexed account on the declaration shows it to be against the present defendant.

 There is evidence that the plaintiff billed and invoiced the defendant and received $917.00 and seeks the remaining $851.93 in the instant case.

The goods in question (electrical fixtures) were delivered to ''Where It's At, Inc.,'' a Massachusetts corporation. The plaintiff also sued ''Where It's At, Inc.,'' and obtained a judgment of $851.93 by default. No report

was taken by the defendant, "Where It's At, Inc.," in that case. (See Docket No. 167607A).

There was further evidence that Donald Dumont, who was an officer in both corporations, was present when arrangements were made for the sale of the goods. The report does not show that Donald Dumont testified at the trial of the instant case.

The defendant made the following requests for rulings.

1. Upon all the evidence the court must find for the defendant.
2. A guarantee of the debt of another must be in writing in order to be enforceable.
3. It is ultra vires for a corporation to guarantee the debt of another corporation without receiving some benefit therefor.

The court took the following action on the defendant's requests for rulings of law.

1. Denied.
2. Yes, but I do not so find.
3. Yes, but I do not so find.

The defendant claims to be aggrieved by the court's ruling denying requests 1 and 3.

It is interesting to observe that the defendant paid $917.00 to the plaintiff for the sale of these goods and now refuses to pay the remaining $851.93 although the report indicates there is no issue about the quality of the equipment.

There is further evidence that the defendant was billed and invoiced for these goods by the plaintiff.

*Standard Oil Company of New York* v. *Malaguta,* 269 Mass. 126, is authority for the proposition that billing by the plaintiff imports credit given and even delivery. See also *Walker* v. *Hill,* 119 Mass. 249.

 The defendant contends further that the sole basis for the plaintiff's claim is that Donald Dumont, an officer in both the defendant corporation and "Where It's At, Inc.," told the plaintiff's agent to bill the defendant corporation for the goods in question, and assuming this is so and Dumont made such a contract it is "ultra vires" and unenforceable against the defendant, for a corporation has the power to do only such business as it is authorized to do by its charter.

The short answer to this is that in *Nowell* v. *Equitable Trust Co.,* 249 Mass. 585 at 595 and 596, it was held that "ultra vires" must be pleaded and it was not raised in the answer in the instant case.

If after the finding for the plaintiff the defendant thought there was an incompatibility to be corrected the proper course was to file a motion for its correction, and this was not done in the instant case. *DiLorenzo* v. *Atlantic National Bank of Boston,* 278 Mass. 321.

See *National Shawmut Bank of Boston* v. *Johnson,* 317 Mass. 485.

*Vieira* v. *Balsamo*, 328 Mass. 37.

**We find no error. Report dismissed.**

JOSEPH L. McQUADE
 of Framingham for the plaintiff

RICHARD A. HOWARD
 for the defendant