## ABIGAIL BRINK v. ALFRED FREOFF.

*Chattel mortgage—Sale for single instalment—Special damages.*

Where a mortgagee of chattels has seized the property mortgaged when only one instalment was due, and sold it to a third person for the satisfaction of the whole mortgage, a subsequent tender by the mort-

| 44 | 69 |
| 77 | 683 |
| 44 | 69 |
| 81 | 232 |
| 44 | 69 |
| 87 | 550 |
| 44 | 69 |
| 94 | 121 |
| 44 | 69 |
| 103 | 57 |
| 103 | 65 |
| 103 | 507 |
| 44 | 69 |
| 119 | 516 |
| 44 | 69 |
| 120 | 649 |
| 120 | 650 |
| 120 | 651 |

gagor of the amount of the mortgage, and demand of the property, is a mere idle ceremony, since the demand cannot be complied with.

The mortgagor under such circumstances brought suit against the mortgagee to recover the value of the property which had been illegally sold. *Held*, that he was entitled to recover the value of the chattels which were sold after the first instalment had been satisfied, together with special damages if any were shown, but with deduction of the amount that then remained unpaid on the mortgage.

But special damages can only be recovered where they are alleged and claimed in the declaration.

Error to Wayne. Submitted June 9. Decided June 16.

TROVER. Defendant brings error. Reversed.

*Hawley & Firnane* for plaintiff in error.

*Ward & Palmer* for defendant in error.

COOLEY, J. This case was once before in this court, and the decision is reported in 40 Mich. 610. The suit was by Freoff in trover, for the conversion of various articles of personal property. The defense was that Brink sold the same to satisfy the amount of a chattel mortgage which she held upon them. But it appeared that the mortgage was payable in instalments, only one of which was due, and that Brink in selling disregarded that fact and sold property to satisfy the whole amount. The controversy turns upon the rule of damages; it being conceded that Brink, in proceeding to sell further after what was due had been satisfied, was chargeable with a conversion.

It was shown by Freoff that sometime after the sale he tendered to Brink the amount of the mortgage, and demanded his property back. On the first trial of the case the circuit court held that as such a tender would discharge the lien of the mortgage, it would entitle Freoff to recover in trover the full value of the property which had been wrongfully sold. But this court held that such a tender, accompanied by a demand which Brink, by reason of having parted with the property, could not comply with, would be an idle ceremony. Also that though Freoff was entitled to recover for the sale

of any further articles after the instalment which was due had been satisfied, yet that the recovery must be limited to actual damages. These damages would consist in the value of the articles wrongfully sold, and such others, if any, as the wrongful sale had caused, less the amount which Freoff would have been obliged to pay to satisfy the amount not yet due on the mortgage when the sale was made.

The second trial has evidently proceeded upon a misapprehension of our opinion. The jury were instructed in substance that if Freoff tendered to Brink the amount of the mortgage, less the amount of the first instalment which had been rightfully paid by the sale, and if he attached no condition to the tender, and Brink refused to receive it, Freoff was then entitled to recover the value of the property wrongfully sold, irrespective of the amount remaining unpaid. This was precisely the ground of the first recovery, which we held to be erroneous, except that the instruction in this case required the tender to be unconditional, while on the first trial it was understood to have been made on condition that the property be restored.

An examination of the opinion of Mr. Justice Marston in the former case will make it apparent that the conditional nature of the tender had nothing to do with the decision. Indeed, the opinion was intimated that the mortgagor of chattels in making tender of the amount due on the security, has a right to require surrender of the property; but in the particular case such a requirement was an idle ceremony, because compliance had been rendered impossible by the sale. It was not the condition that made the tender useless, but the impossibility of complying with the demand.

A moment's consideration of the position of the parties at the time this tender was made, will show, as we think, the reasonableness of our former decision. Brink had wrongfully sold a portion of Freoff's property, and the latter was entitled to recover its value. But if this were recovered, the mortgage debt would remain unsatisfied, and Brink could recover from Freoff the balance owing upon it. But the proceeds of the property sold had been actually applied to satisfy the

mortgage, and Brink when moneys were tendered to her in repudiation of the sale had refused to receive them. Why under the circumstances should not this application be allowed to stand, and the whole controversy between these parties be determined in one suit instead of permitting Freoff to recover the whole value of the property in one suit, and Brink immediately to recover back that portion of the value which she had already applied on the mortgage? We could discover no reason for preferring the latter course to the former. The law abhors needless litigation, and two suits to adjust the equities of the parties in a single transaction, when they can just as well be adjusted on the same principle in one, should not be tolerated.

On another point the previous opinion was perhaps misunderstood. It was said in that opinion that Freoff was entitled to add to the value of the property any special damages he might have sustained. By this was meant any damages additional to the loss of the value of the property. But these could only be recovered under the rules of law; and it is a familiar principle that damages which are peculiar to the case and spring from exceptional circumstances must be specially alleged or they cannot be recovered. In this case there was no allegation whatever of special damages, and therefore plaintiff was entitled to recover only such as might naturally follow in any case of unlawful conversion, irrespective of special circumstances. Nevertheless, evidence was taken in the case that plaintiff sustained by the conversion damages to a large amount: one witness estimating them much beyond the value of the property, but not explaining how this was possible. Of course such evidence had no warrant in the pleadings.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.