## JOEL WELLS *vs.* DWIGHT N. CONNABLE.

Franklin. Sept. 16, 1884. — Feb. 27, 1885. COLBURN, J., absent.

A declaration contained a count alleging that the plaintiff mortgaged certain personal property to the defendant to secure the payment of a promissory note, and that the mortgage was duly recorded; that the defendant, without notice required by law and without any legal notices to the plaintiff, took and sold the mortgaged property, and thereby deprived the plaintiff of his right to pay the note and redeem the property, "and the defendant has converted said property to his own use." *Held,* that the count was in tort in the nature of trover.

A mortgagor of personal property, who has not the right to the possession of the property, cannot maintain an action of tort in the nature of trover against his mortgagee, for taking possession of and selling the property without notice to the mortgagor.

TORT. The declaration contained two counts, as follows:

" 1st count. And the plaintiff says the defendant has converted to his own use one pair of oxen (stags) and one sorrel horse, the property of the plaintiff.

" 2d count. And the plaintiff further says that on the day of       he mortgaged one pair of oxen and one sorrel horse to the defendant, to secure a certain note of $76, and that said mortgage was duly recorded; that the defendant, without notice required by law and without any legal notices to the plaintiff, took and sold said property so mortgaged to him by the plaintiff, and thereby deprived the plaintiff of his right to pay said note and redeem said property, and the defendant has converted said property to his own use."

Trial in the Superior Court, without a jury, before *Barker*, J., who found the following facts:

The plaintiff, on April 26, 1881, was the owner of the horse and stags mentioned in the declaration. On that day, the plaintiff mortgaged the horse and stags to the defendant to secure the payment of a promissory note for $76, on demand, with interest; and the mortgage was duly recorded in Guilford, Vermont, where the plaintiff resided, and where the property mortgaged then was.

On October 17, 1881, the plaintiff, at the defendant's request, gave to the defendant another mortgage on the stags, to secure the payment of $100 on demand, with interest, for which

mortgage the only consideration was the indorsement of $50 upon the note secured by the first mortgage; and this mortgage was duly recorded on that day in Bernardston, in this Commonwealth, where the mortgaged property then was.

Neither mortgage contained a clause relating to the possession of the property.

About November 1, 1881, the defendant took the horse and stags into his possession, claiming the right to their possession as mortgagee, and on the next day sold and delivered them to one Hale, for the sum of $125. Hale kept them for some days, and afterwards sold them in turn.

The defendant never demanded of the plaintiff payment of either of the mortgages, nor gave or published any notice of intention to foreclose either of them. The value of the horse was $40, and of the stags $120, when sold by the defendant, and they were of the same value when they were taken by the defendant into his possession. No notice of the sale of the horse and stags by the defendant to Hale was given to the plaintiff.

At the time the defendant took possession of the mortgaged property, the sum of $78.36 was due upon the two mortgages held by him.

The plaintiff has not at any time demanded of the defendant, or of any person, the return of the property described in the plaintiff's declaration, nor paid or tendered to the defendant the sum due on either mortgage, or any part thereof, nor offered to redeem the property from either of said mortgages.

The defendant asked the judge to rule that the second count in the plaintiff's declaration was a count in tort in the nature of trover merely, and that the plaintiff could not recover under it, unless he could recover under the first count. The judge declined so to rule; ruled that the plaintiff could not maintain his action on the first count of the declaration, but could maintain it on the second count; and, upon that count, found for the plaintiff. The defendant alleged exceptions.

*F. L. Greene*, for the defendant.

*G. W. Davenport*, for the plaintiff.

MORTON, C. J. We are of opinion that the second count of the plaintiff's declaration is a count in tort in the nature of trover.

It alleges that the defendant " has converted said property to his own use." This allegation cannot be rejected as surplusage; it gives character to the count.

If the defendant had demurred to the count, he would have been met by the answer that it was a good count in trover. The count means the same as if it had been, in form, that the defendant has converted the property to his own use by a sale without notice to the plaintiff. The defendant has the right thus to interpret it, and to come to the trial relying upon the settled law that a mortgagor cannot maintain trover against his mortgagee. *Landon* v. *Emmons*, 97 Mass. 37.          *Exceptions sustained.*