GIDEON WELLS, assignee, *vs.* L. B. WHITE.

Hampden. Sept. 28. — Oct. 22, 1886. DEVENS & W. ALLEN, JJ., absent.

An insolvent, shortly before the beginning of insolvency proceedings, conveyed chattels to another, in consideration of the grantee agreeing to pay certain mortgages upon the property; and afterwards the grantee, being then in possession of the property, obtained an assignment of one of the mortgages, and an indorsement of the note, then overdue. *Held,* that the assignee in insolvency of the grantor could maintain an action, under the Pub. Sts. c. 157, § 98, against the grantee, to recover the value of the property so conveyed, less the amount due on the mortgage.

HOLMES, J. This is an action by an assignee in insolvency, with a count in tort in the nature of trover, and, by amendment, a count under the Pub. Sts. *c.* 157, § 98, against a person to whom the insolvent had conveyed the chattels in question shortly before the beginning of the insolvency proceedings. The conveyance was made in consideration of the defendant's agreeing to pay certain mortgages upon the property. Afterward, the defendant, being then in possession of the property, obtained an assignment of one of these mortgages, and an indorsement of the note, then overdue.

The only exception not waived is to the refusal of the court to rule, that, " the condition of this mortgage having been broken, and the defendant having, before the date of the writ, taken possession of the property therein described, as assignee of said mortgage, the plaintiff cannot recover for any of such property in this action." The court instructed the jury, that, if the conveyance to the defendant was fraudulent, under the rules given them and not excepted to, the plaintiff was entitled to recover the fair value of the property so conveyed, less the amount due upon any valid mortgages which were upon the property at the time of such conveyance.

We see no reason to doubt that the ruling of .the court was a correct interpretation of the section of the insolvent law under which the plaintiff's amended count was drawn. *Wells* v. *Connable,* 138 Mass. 513, and *Dahill* v. *Booker,* 140 Mass. 308, refer to trover between mortgagor and mortgagee in possession. But even if there was a valid mortgage outstanding in the hands of

the defendant, if the sale of the equity to him was void as against creditors, the assignee would be entitled to the surplus value of the goods above the amount of the mortgage; *Howe* v. *Bartlett*, 8 Allen, 20, 21; and there is nothing to show that the action was not maintainable under the statute. It is therefore unnecessary to consider whether the mortgage was or was not merged. *Exceptions overruled.*

*R. O. Dwight*, for the defendant.