| 82 | 419 |
| 101 | 540 |
| 82 | 419 |
| 102 | 151 |

HUGH MONAGHAN *vs.* ISAAC P. LONGFELLOW.

Washington.   Opinion February 22, 1890.

*"Holmes note." Chattel mortgage. Replevin. Notice. Waiver. Practice. R. S., c. 81, § 44; c. 91, § 7; c. 111, § 5.*

A promissory note containing a stipulation that the personal property for which it is given, shall remain the property of the payee until the note is paid, (or a "Holmes note") is so much of the nature of a chattel mortgage, that the holder cannot maintain an action of replevin against an attaching officer until he has given to the officer forty-eight hours' notice in writing of his claim and its amount, as required by R. S., c. 81, § 44.

In such action, if the defendant waives the necessity of the statute notice, the plaintiff will not be required to prove it has been given.

In matters submitted for the decision of the law court, it is the duty of counsel to see that the bill of exceptions contains all necessary facts and statements; their omission will be considered a waiver.

A case should not be sent to the law court, when several law questions are presented at *nisi prius*, to decide one of such questions at a time, and be sent up as many times as there are questions presented.

ON REPORT.

Replevin of a buggy wagon.   Case was submitted to the full court upon certain agreed facts and the testimony of the counsel at the trial of the case.

The note described in the opinion, is as follows:

$65.00.                              WESLEY, Aug. 7th, 1886.

Ten months after date, for value received I promise to pay Hugh Monaghan or order sixty-five dollars with interest at six per cent., the same being for a buggy wagon which I have this day bought of said Hugh Monaghan, said buggy to remain the

property of said H. Monaghan until said sum and interest are paid.                                        JOHN W. ELSEMORE.

Attest:—S. Hawkins, Town Clerk. Entered Nov. the 8th, 1886. Recorded in Book No. 2, page 181.

INDORSEMENT.

On the back of the aforesaid note is the following: Entered Nov. the 8, 1886. Recorded in book No. 2, page 181.

S. HAWKINS, *Town Clerk.*

The facts are stated in the opinion.

*J. F. Lynch,* for the plaintiff.

Notice to officer was not necessary as wagon was not claimed by virtue of mortgage, pledge or lien; plaintiff owned the wagon, title had not passed from him. The note made a conditional sale. The record of note required by statute does not change nature of transaction. *Peabody* v. *Maguire,* 79 Maine, 585; *Brown* v. *Haynes,* 52 Maine, 580.

Counsel also cited: *Tibbetts* v. *Towle,* 12 Maine, 341; Shep. Touch. 118.

*C. B. Donworth, A. McNichol,* with him, for the defendant.

A "Holmes note" is invariably treated by the courts as a chattel mortgage. Defendant's right to claim the lack of notice as a defense has not been waived.

The notice required by statute is a condition precedent and need not be specially pleaded. *Fairfield Bridge Co.* v. *Nye,* 60 Maine, 378.

PETERS, C. J. This case is between the holder of a Holmes note and an officer who attached a wagon upon which the Holmes note was secured. After the attachment, the holder of the note possessed himself of the wagon by a replevin writ against the officer.

One question is whether a Holmes note is so much of the nature of a chattel mortgage, that the holder cannot maintain an action of replevin for the property against an attaching officer until he has given to the officer forty-eight hours' notice in writing of his claim and the amount of it, as required by R. S., c. 81,

§ 44. No notice is shown to have been given in the present instance. We think notice was necessary. The language of the section is broad. It covers property, "mortgaged, pledged, or subject to any lien created by law, and of which the debtor has the right of redemption." A Holmes note has been placed by the statutes in all respects on the footing of a mortgage. Without form of a mortgage, it is in effect a mortgage. The condition precedent contained in the note is by statute substantially converted into a condition subsequent. It must be recorded, and may be foreclosed or redeemed in the same manner that common mortgages may be. R. S., c. 91, § 7; R. S., c. 111, § 5. There is exactly as much propriety in requiring a notice to the officer, in a case like this, as where the instrument is in the literal form of a mortgage.

Then comes the question whether, in the present case, the necessity of a notice has been waived. When the case came up at the first trial, two questions of a technical character arose, and it appears that some discussion occurred between the counsel and court in relation to the disposition of the questions. The two questions were whether the notice to the officer was necessary, and whether the note had been legally recorded or not. The counsel for the plaintiff contends that, as the first point stood in the way of a decision on the second point, being preliminary to it, the first point was expressly waived by counsel. The counsel for the defendant denies this and contends that there was no waiver and no intention on his part to admit any such thing. The counsel on both sides have testified about the matter and understand it differently. The presiding justice ruled that the record of the note in the town book of mortgages was not legal on account of informality, and ordered a nonsuit on that point. Exceptions were filed and sustained, and a new trial was ordered, as may be seen in *Monaghan* v. *Longfellow*, 81 Maine, 298.

Now, while we are not satisfied that the counsel for the defendant expressly consented to a waiver of any objection presented by him, nevertheless we are of opinion that the point has been in effect waived by the course of the trial. The counsel for defense examined the plaintiff's bill of exceptions before they

were presented for allowance, and made no objection against them to the court. It does not change the matter that the plaintiff's counsel induced, if he did, the counsel of the defendant to permit the exceptions to be allowed, omitting therein all mention of the objection that notice was not given, and all facts on which such objection could be founded. It was the duty of the defendant's counsel to see that the bill of exceptions contained all necessary facts and statement. A case should not be sent to the law court, when several law questions are presented at *nisi prius*, to decide one of such of questions at a time, and be sent up as many times as there are questions presented. Both questions could have been as well disposed of at *nisi prius*, and in this court as one matter, as in any other way. This result involves no more than the question of costs, inasmuch as the plaintiff could have returned the property to the officer, and then given the required notice, and brought his action anew.

> *Judgment for plaintiff for one cent damages and costs.*

VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.