C. D. LEE *vs.* C. L. GORHAM & another.

Suffolk.    November 20, 1895. — January 3, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Conversion — Conditional Sale of " Furniture or other Household Effects " — Piano — Statute — Waiver — License — Instructions.*

The St. 1884, c. 313, concerning conditional sales of " furniture or other household effects," applies to a piano.

At the trial of an action for conversion of a piano, delivered to the plaintiff under a contract of conditional sale and taken possession of by the defendant upon a default in payment by the plaintiff, if the defendant testifies that he mailed a copy of the contract to the plaintiff, as required by St. 1884, c. 313, § 1, and the plaintiff testifies that he did not receive it, the judge cannot rule that there is no evidence to warrant a verdict for the plaintiff.

The power given to the lessor, in a contract of conditional sale in the form of a lease of an article of furniture, to retake possession on default in payment by the lessee, is not a waiver of St. 1884, c. 313, if the statute can be waived.

The expression in a letter by the lessee to the lessor of an article of furniture, after default in payment by the former, " Now, if you wish to take it away, you can do so," does not amount to a license.

In an action for the conversion of a piano, delivered to the plaintiff under a contract of conditional sale in the form of a lease and taken possession of by the defendant upon default in payment by the plaintiff, the defendant testified that he mailed a copy of the contract to the plaintiff, as required by St. 1884, c. 313, § 1, and the plaintiff testified that he did not receive it. A bill of exceptions stated that the judge refused to give the rulings requested by the defendant, that the statute did not apply to a piano, and that there was no evidence to warrant a verdict for the plaintiff, but ruled that the statute applied to a piano, " and that if the jury should find that a copy of the lease was not furnished the plaintiff, etc., the rights of the defendant under the lease were suspended during such default." *Held,* that no error appeared.

HOLMES, J.    This is an action for the conversion of a piano. The piano was in the possession of the plaintiff under a written agreement of conditional sale in the common form of a lease with provisions that the plaintiff should become the owner after having paid a certain sum, and, on the other hand, that the lessors, the defendants, might take possession on default. There was a default, and the defendants took possession of the piano and sold it to a stranger. The case is here on exceptions.

The first question is whether St. 1884, c. 313, concerning conditional sales of " furniture or other household effects," applies to pianos. We have no doubt that it does.

The defendants' evidence was that they mailed a copy of the contract to the plaintiff, as required by the statute, § 1. The plaintiff testified that she did not receive it. Of course it was open to the jury to disbelieve the defendants' evidence, and to find that there had been at least a negligent failure to comply with § 1, so that by the terms of the statute the defendants' rights under the contract were suspended. It follows that the court could not have ruled that there was no evidence to warrant a verdict for the plaintiff. It is suggested that the express power in the lease to retake on default was a waiver of the statute. But if the statute could be waived, which we are not prepared to admit, it would need much more explicit language than any in the contract to have that effect. It is suggested also, that the words, " Now, if you wish to take it away, you can do so," in a letter from the plaintiff, were a license. But the expression was minatory, not permissive, and the letter does not suggest an intent to waive any rights.

The bill of exceptions states that the court refused to give the rulings requested, but ruled that the statute applied to a piano, " and that if the jury should find that a copy of the lease was not furnished the plaintiff, etc., the rights of the defendants under the lease were suspended during such default." This language possibly might be interpreted to mean that the defendants' rights were suspended, even if they had mailed a copy of the lease to the plaintiff and supposed it to have been received, if in fact it had not reached the plaintiff's hands, a case as to which we express no opinion. But if the defendants had felt any apprehension on that score they should have called attention to it. It is plain from the connection, and also from the " etc.," that all that the court meant by its words was to state the opposite of the defendants' requests, and to rule that, if the provisions of the statute had not been complied with, the defendants' rights were suspended.

*Exceptions overruled.*

*C. C. Milton,* for the defendants.
*H. J. Edwards,* for the plaintiff.