## ALBERT E. DRUMMOND *vs.* C. J. TRICKEY.

## Waldo.    Opinion October 31, 1919.

*Personal property mortgages.    Right of mortgagee to take possession of and sell mortgaged property before perfecting his title to same by foreclosure proceedings.    Tender.    Rule as to making tender where it is not possible to have return of the property for which tender is made.*

This is an action by a mortgagor against a mortgagee to recover damages for selling certain cows and a calf, included in the mortgage, after the mortgagee had taken possession for breach of conditions and before the mortgage was foreclosed.    A verdict was rendered for the plaintiff and the case comes before the court on a motion for new trial.

*Held:*

1.    As to a tender: The statute requires a tender of the amount due on the mortgage, and we hold that the facts in the case disclose that a tender was made. We further hold that from the undisputed testimony no tender was necessary although in fact made.    The defendant by his own admission could not restore the property mortgaged.    A tender in such case would be an idle, useless ceremony which the law does not require.    A tender is not necessary when the recipient has not the power to return the property. ·

2.    The defendant was not the owner of the property and could not lawfully sell the same until he had complied with the statute.    The statute was ignored by him.    His mortgage was security for a debt, and the mortgagor had a right to redeem by the payment of the debt, until the mortgage was legally foreclosed.

Action by mortgagor against mortgagee of personal property to recover value of certain personal property taken by the mortgagee and sold by him before perfecting his title under foreclosure proceedings. Defendant filed plea of general issue and also brief statement.    Verdict for plaintiff in the sum of $117.68.

Defendant filed a motion for new trial.    Motion overruled.

Case stated in opinion.

*C. C. Jones,* for plaintiff.

*H. R. Coolidge, H. C. Buzzell,* for defendant.

SITTING:   CORNISH, C. J., HANSON, DUNN, WILSON, DEASY, JJ.

HANSON, J.   This is an action by a mortgagor against a mortgagee to recover damages for selling certain cows and a calf, included in the mortgage, after the mortgagee had taken possession for breach of condition, and before the mortgage was foreclosed. A verdict was rendered for the plaintiff and the case comes before the court on a motion for new trial.

The case shows that the plaintiff gave defendant a mortgage on seven cows June 12, 1915, for $537.00.   The mortgage was transferred to Borden's Condensed Milk Company and the amount due was to be paid by the Borden's Company withholding $35.00 a month during certain months of the year from money due plaintiff from the milk company for milk purchased.   Borden's Company discontinued their milk-route and plaintiff being unable to continue payments a breach of the conditions of the mortgage occurred.   December 18th, 1917, defendant replevied the cows.   Defendant sold two of the cows February 20th, 1918; two February 26th; and three March 15th, 1918.   Foreclosure of the mortgage was commenced May 28th, 1918, and was perfected July 29, 1918, and this action was commenced August 27th, 1918.

Before this suit was brought the plaintiff sought the defendant for the purpose of redeeming the mortgage, and was told by the defendant that he had sold the cows to different parties, and that some of them were shipped out of the country.   The plaintiff then went to the office of defendant's counsel, and there produced the amount due on the mortgage and passed it to defendant's counsel at his desk, telling him that he was there to make a tender and redeem the mortgage, and on receiving the same information that the defendant had imparted, that the cows had been sold, he recovered his money and left the office.   This action followed, and the defendant contends that the sale of the cows was not a conversion, and that the action of the plaintiff in producing the money as before stated, did not constitute a tender, because the money was not refused.   We cannot agree with either contention of the defendant's counsel.   When the mortgagee exercised absolute dominion over the mortgaged property, and disposed of the same by absolute sale before foreclosure, and did not account to the plaintiff, or in any manner regard his substantial rights, he committed a wrongful act, which in this state has been held to be a conversion.   *Mathews* v. *Fisk*, 64 Maine, 101, citing *Spaudling* v. *Barnes*, 4 Gray, 330, 11 Corpus Juris, 593 (h), 596, 597; L. R. A.,

1915, E. 198; *Montenegro-Riehm Music Company* v. *Beuris*, L. R. A., 1916, C-557; *Lee* v. *Gorham*, 165 Mass., 130; 42 N. E., 556; *Bacon* v. *Hooker*, 173 Mass., 554; 54 N. E., 253.

But here no doubt exists as to the plaintiff's right of action as presented. R. S., Chap. 96, Sec. 3, provides for redemption of mortgaged personal property, and concludes,—"and the property, if not immediately restored, may be replevied, or damages for withholding it recovered in an action on the case."

As to a tender: The statute requires a tender of the amount due on the mortgage, and we hold that the facts in the case disclose that a tender was made. We further hold that from the undisputed testimony no tender was necessary, although in fact made. The defendant by his own admission could not restore the property mortgaged. A tender in such case would be an idle, useless ceremony which the law does not require. A tender is not necessary when the recipient has not the power to return the property. *Richards* v. *Allen*, 17 Maine, 296-299; *Woods* v. *Cooke*, 61 Maine, 215-218; 11 Corpus Juris, 595; *Brink* v. *Freoff*, 40 Mich., 610; 44 Mich., 69; 6 N. W., 94.

The defendant was not the owner of the property, and could not lawfully sell the same until he had complied with the statute. The statute was ignored by him. His mortgage was security for a debt, and the mortgagor had a right to redeem by the payment of the debt, until the mortgage was legally foreclosed.

The questions involved we must assume were presented to the jury under proper instruction. We find nothing in the case to indicate that the verdict is wrong.

*Motion overruled.*