## JAMES B. DRAKE & SONS *vs.* PERCY L. NICKERSON.

### Sagadahoc.    Opinion June 6, 1923.

*Non-payment of premiums for insurance on property mortgaged under a Holmes note is not a breach of the agreement unless the mortgagor has failed to perform his agreement to insure, or such insurance was effected by mortgagee by mutual agreement with mortgagor.    A tender in extinguishment of a right absolutely need not be preserved by producing the money in court.*

A failure to pay the premiums on insurance policies was not a breach of a Holmes note agreement to provide insurance, even where the underwriter's agent extending credit for the premiums afterward became the holder of the note.

The owner of a chattel mortgage may not effect insurance and insist upon reimbursement for its cost unless the mortgagor has failed or neglected to perform his covenant to insure, or, apart from any failure or neglect to perform, the insurance was effected by the mortgagee with privity between himself and the mortgagor.

Where the effect of a tender is the extinguishment of a right absolutely, it is not essential that the tender be kept good by bringing the money into court.

On report.    An action of trover to recover the value of a motor truck which defendant purchased of a trustee in bankruptcy of a mortgagor of the truck, the mortgagee having foreclosed the mortgage, but the trustee having seasonably made a tender to the mortgagee of the amount due on the note and all other legal charges, which was refused, the mortgagee contending that the tender should include premiums for insurance procured on the truck without privity with the mortgagor, who had not failed to perform his covenants as to insurance.    Judgment for the defendant.

The case is stated in the opinion.

*John F. A. Merrill,* for plaintiff.

*Arthur J. Dunton,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DUNN, J.    A Bath man gave a Holmes note, equivalent in effect to a chattel mortgage, in partial payment for the purchase price of a

truck. As a part of the same contract he promised that he would keep the truck insured for the payee's benefit. His policies of insurance, in this respect and otherwise, were issued from the plaintiff's agency, to which he continued to be indebted for the premiums.

In mortgaging his right to redeem from the Holmes note, as security for the payment of his note to a bank, no obligation to insure was incurred.

When the Holmes note had been substantially reduced in amount it was indorsed to this plaintiff corporation.

Thereafterwards, in rough chronological sequence of events, the maker of the notes was adjudged a bankrupt by the United States District Court. In the bankruptcy proceedings the bankrupt listed the present plaintiff as an unsecured creditor. It there made proof upon an open account for sundry insurance premiums and on notes of hand which had been given to it for other premiums. Later this plaintiff bought the bank's note and mortgage. Payment was tendered to it by the trustee of the bankrupt's estate, first of the Holmes note, and more recently of the note which the bank had had. Each tender included the charges of a begun but yet incomplete foreclosure. The tenders were declined on the ground that neither was large enough. Next, the bankruptcy trustee sold the truck. And now the purchasers from him are defending in trover against the plaintiff as the owner of the Holmes note and the chattel mortgage.

Whether there was a valid sale in bankruptcy, and whether that question may be raised collaterally, is inconsequential. Inquiry goes to the plaintiff's title to and right of possession of the truck.

Section 3 of Chapter 96 of the latest revision of the general statutes incorporates itself into every chattel mortgage. These are the material words of that statute:

"When the condition of a mortgage of personal property is broken, the mortgagor, or person lawfully claiming under him, may redeem it at any time before . . . . the right of redemption is foreclosed, . . . . by paying or tendering to the mortgagee, or the person holding the mortgage by assignment thereof, (duly recorded), the sum due thereon, or by performing, or offering to perform the conditions thereof, when not for the payment of money, with all reasonable charges incurred; and the property, if not immediately restored, may be replevied, or damages for withholding it recovered in an action on the case."

Thus the Legislature has created a legal right of redemption, in the mortgagor or his assignee, attaching after breach of the condition of the mortgage. This right continues, in virtue of section 4 of the same chapter, up to sixty days of the giving and recording by the holder of the mortgage, in a prescribed manner, of notice of his intention to foreclose or bar the power of redeeming. So, compliance with the condition subsequent of a chattel mortgage, by one entitled to make a redemption, though after breach of the condition of the expressly stated terms of the mortgage but within the time which the statute defines, immediately terminates the vital existence of the mortgage and takes the title to the property from the mortgagee instanter. The mortgagor, or he who stands in his stead, is thereupon invested with a right of property as complete and absolute as though the mortgage never had been given. Tender of compliance begets like result. *Loggie* v. *Chandler*, 95 Maine, 220; *Weeks* v. *Baker*, 152 Mass., 20. On the other hand, failure to pay or to tender payment of the sum due, or to perform or to offer to perform the other thing, as the case may require, within the statute's limit, by a competent person, forever precludes redemption.

The right to redeem from a chattel mortgage is a right of property passing to the trustee of the estate of a bankrupt mortgagor. The term "property," in the sense of its use in the bankruptcy act, as has been happily said, "is of the broadest signification, embracing everything that has exchangeable value, or goes to make up a man's wealth—every interest or estate which the law regards of sufficient value for judicial recognition." *Earle* v. *Maxwell*, 86 S. C., 1, 67 S. E., 962, 138 A. S. R., 1012.

Concerning an agreement, asserted to have been orally entered into between the maker of the Holmes note and its now indorsee, that, on indorsement and transfer, that note should be inclusive in its surety of the insurance premiums and premium notes, little need be said beyond mentioning that the proposition of the making of any such agreement is not sustained. The same persons who, in listing and proving the claim in the bankruptcy court, set forth inferentially that the scope of the note was not enlarged, would show otherwise by their testimonies in this court. In the absence of consistent explanation, and in the presence of evidence at variance with the pretensions made, that which was done in the bankruptcy court is the convincer.

Whether, separate from the claimed oral agreement, the tenders should have included the cost of certain other policies of insurance, is the nub of this controversy. If the maker of the Holmes note had failed or refused to fulfill his promise or covenant to insure, the payee of that instrument, or its successor in title, could properly have procured the insurance to be written and insisted, under and as a part of the note, upon reimbursement for its cost. 27 Cyc., 1262. But he did not fail or refuse. He duly provided insurance. His delinquency was in neglecting to pay expected attention to the credits extended to him for the premiums.

When the tender for that note was made, there was due a balance of the principal, plus accrued and unpaid interest to the time of the indorsement to the plaintiff, as was accurately computed and accordingly paid at the time of the transfer of the note, plus interest on the principal after that to the time of the tender. All these, and the reasonable charges of the foreclosure, and even more, the tender included. And, if the plaintiff would not have its money for a debt when the money was lawfully tendered, it cannot now complain that its own folly cost it the loss, not of the debt, but of the security for that debt. Co. Lit. 207a; *Weeks* v. *Baker*, supra.

The chattel mortgage did not contain a covenant to insure. Nor apart from this was insurance procured by the mortgagee with privity between himself and the mortgagor. An earlier mortgage to the bank stipulated insurance, but that mortgage never had relation to this case. Further, were it possible at any time to so relate it, the relationship came to an end when the bank discharged the mortgage of record as having been fully performed, before transferring the later mortgage to the plaintiff. On the note which the chattel mortgage secured, there was due an amount equal to the sum of the unpaid principal and interest, which amount the tender comprised. Additionally the charges of foreclosure, the reasonableness of which was accepted, were included. There was no warrant, for there was neither insurance requirement in the mortgage nor subsequent request by the mortgagor for insurance, for the mortgagee to charge the mortgagor with premiums. *Pierce* v. *Faunce*, 53 Maine, 351; *Stinchfield* v. *Milliken*, 71 Maine, 567; *Snow* v. *Pressey*, 85 Maine, 408. The tender was adequate.

Contention that the moneys tendered should have been brought into court is unsupported by authority. Where the effect of a

tender is the extinguishment of a right absolutely, it is not essential that the tender be kept good. *Weeks* v. *Baker*, supra; 11 C. J., 682; 26 R. C. L., 659. The distinction between the destruction of one right without putting an end to another, as, to illustrate, the extinction of mortgage security for the payment of a debt and the unimpairment of the debt itself, is apparent upon mere suggestion. In cases where tender and refusal do not destroy a right, as where thereby a debt is not discharged, the adversary must be given opportunity to accept in court that which he at first refused, if a plea of tender be relied upon. In the case in hand both the accompanying security of the Holmes note and the chattel mortgage were extinct when the plaintiff brought its action.

*Judgment for defendant.*