WILLIAM A. BEDFORD *vs.* SAMUEL BERNSTEIN

Cumberland.   Opinion September 14, 1927.

*After an adjudication of bankruptcy and until the appointment of a trustee, the bankrupt still has legal title to unexempt property as quasi trustee.   He cannot transfer or incumber the property, but he may retrieve such of it as is in the hands of others. He may bring actions in respect to it.   Such actions enure to the benefit of the trustee in bankruptcy if and when chosen and qualified.*

*A tender is not a prerequisite to an action to recover property or its value when the defendant has not the power to restore it.*

On general motion.   An action of trover to recover the value of a used automobile.   A verdict of $125.42 was returned and defendant filed a general motion for a new trial.   Motion overruled.

The case fully appears in the opinion.

*E. A. Turner and H. C. Sullivan,* for plaintiff.

*Israel Bernstein,* for defendant.

Vol. 126—25

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

DEASY, J. The evidence discloses these facts: In November 1924 the plaintiff was adjudicated a bankrupt. In May 1925 an order of "no trustee" was filed (Gen. Ord. XV).

The defendant had previously sold to the plaintiff a used automobile taking a Holmes Note for a part of the consideration. At the date of the adjudication the car was in possession of an officer who had, subject to the defendant's lien, attached it in a suit brought by a third party. No foreclosure was begun by the defendant but, some balance remaining unpaid upon the note, he took possession of the car and "junked it, broke it up." Thereafter on August 6, 1925 the plaintiff made a tender of the sum claimed by him to be due and demanded the car. The defendant refused the tender. Thereupon this action of trover was brought. It resulted in a verdict for $125.42.

The defendant brings the case forward on motion. He contends that after the adjudication, the bankrupt had no title or right to unexempt assets by virtue of which he could maintain any action.

Recent decisive authorities are however opposed to this view. After the adjudication and until the appointment of a trustee the bankrupt still has legal title as quasi trustee. He cannot transfer or incumber the property (7 C. J. 91) but he may retrieve such of it as is in the hands of others. He may bring actions in respect to it. Such actions enure to the benefit of the trustee in bankruptcy if and when chosen and qualified.

"During the interval between the filing of the petition and the election of the trustee the title remains in the bankrupt * * *

The bankrupt's title, before it is suspended by that of the trustee, is sufficient to authorize his institution and maintenance of a suit on any cause of action possessed by him though it may very well be that any sum he recovers will be held by him as trustee for his creditors." 3 R. C. L. 233.

·  ·  This statement of the law is abundantly supported by *Johnson* vs. *Cullier*, 222 U. S. 538; 56 L. Ed. 306, *Cunningham* vs. *Lexington Trust Co.* (Mass.) 156 N. E. 1, *Christopherson* vs. *Harrington* 118 Minn. 42, 136 N. W. 289, *Rand* vs. *Railway Co.* 186 N. Y. 58, 78 N. E. 574 and many other authorities.

The defendant's counsel relies upon *Rand* vs. *Sage* 94 Minn. 344 as confirming his theory; but the later Minnesota case of *Christopherson* vs. *Harrington* (supra) in effect disaffirms the reasoning of *Rand* vs. *Sage* and states the law as herein held.

It is urged that the tender was insufficient in amount. This is unimportant for the reason that before the demand the defendant had destroyed the car and thus put it out of his power to restore it.

"A tender is not necessary when the recipient has not the power to return the property." *Drummond* vs. *Trickey* 118 Me. 296.

The jury heard the widely divergent testimony relating to damages. We cannot say that the verdict is manifestly excessive. The defendant might have avoided liability by the simple process of foreclosure.

*Motion overruled.*