JOSEPH E. HARVEY.

*vs.*

LOUIS ANACONE.

Cumberland.                    Opinion, May 6, 1936.

*Jacob H. Berman, Edward J. Berman,* for plaintiff.
*Ralph M. Ingalls,* for defendant.

SITTING: DUNN, C. J., BARNES, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J. Trover. On exceptions to the acceptance of a Referee's report.

The facts are not in dispute.

On May 14, 1932, the defendant sold and delivered a Buick sedan to the plaintiff, for which he received a Holmes note (duly recorded) for $600.00, payable in four months. It contained the usual provision of retention of title in the seller until payment.

The plaintiff continued in possession until lawful recaption by the defendant, following non-payment of the note at maturity. The defendant did not foreclose as by statute he might have done but on December 14, 1932, sold the sedan to a third party, whereupon the plaintiff, without tender or demand, brought this action of trover.

The Referee decided that it could not be maintained because the plaintiff did not have "a title, and right to possession." This constituted a ruling of law, which, accepted by the Superior Court as valid, now requires review and decision by this Court.

The transaction constituted a conditional sale.

In both a conditional sale and chattel mortgage, the legal title is

held only as security, subject to redemption, and the conditional sale vendor's right is practically the same as that of the chattel mortgagee. *Westinghouse Electric & Mfg. Co.* v. *Auburn & Turner R. R. Co.*, 106 Me., 349, 351, 352, 76 A., 897; *Doylestown Agricultural Co.* v. *Brackett, Shaw & Lunt Co.*, 109 Me., 301, 309, 84 A., 146; *Drake & Sons* v. *Nickerson*, 123 Me., 11, 121 A., 86. The right of possession in the absence of agreement otherwise is in the conditional sale vendor. *Bunker* v. *McKenney*, 63 Me., 529, 531. Upon default he may repossess the property, *Peabody, et als.* v. *Maguire, et als.*, 79 Me., 572, 585, 12 A., 630; *Franklin Motor Car Co.* v. *Hamilton*, 113 Me., 63, 64, 92 A., 100 T; and title does not pass until performance of the condition. *Franklin Motor Car Co.* v. *Hamilton*, supra.

By statute, the conditional sale vendor is given the right to foreclose and the vendee to redeem as in mortgages of personal property. R. S. 1930, Chap. 123, Sec. 8.

In *Monaghan* v. *Longfellow*, 82 Me., 419, on page 421, 19 A., 857, Chief Justice Peters said:

"A Holmes note has been placed by the statutes in all respects on the footing of a mortgage. Without form of a mortgage, it is in effect a mortgage. The condition precedent contained in the note is by statute substantially converted into a condition subsequent." Also see *Westinghouse Electric & Mfg. Co.* v. *Auburn & Turner R. R. Co.*, supra.

The question now presented is whether such a conditional sale vendee, without tender of his overdue indebtedness, and without demand, may maintain trover against his vendor, who, having lawfully repossessed the property after default, has without foreclosure sold it to a third party.

Our Uniform Sales Act has no applicability because of express exemption. R. S. 1930, Chap. 165, Sec. 75.

At common law, there was no right either of foreclosure or redemption. *Flanders* v. *Barstow*, 18 Me., 357. If the mortgagor did not pay at the promised time, title became absolute *then* in the mortgagee. Right of redemption first appeared in R. S. 1840 (see Chap. 125, sections 30 and 31), and thereby the mortgagor could

redeem within sixty days next after the breach of the condition and if within that time he did not pay or tender payment, the title passed absolutely to the mortgagee. Not until 1861 was any provision made for foreclosure (see P. L. 1861, Chap. 23). Thereafter the mortgagee could foreclose upon breach of the condition and if he did, the time of redemption did not expire until sixty days after the recording of the foreclosure notice. To redeem, either before or after foreclosure, it was necessary for the redeemer to pay or tender to the mortgagee the amount of the mortgage indebtedness. Upon payment or tender by the mortgagor, "The property became absolutely his, to be recovered and defended by his own hand or by the usual actions at law." *Loggie* v. *Chandler*, 95 Me., 220, 227, 49 A., 1059, 1062. Tender or performance ipso facto put an end to the interest of the mortgagee. *Ramsdell* v. *Tewksbury*, 73 Me., 197, 199; *Drake & Sons* v. *Nickerson*, 123 Me., 11, 13, 121 A., 86. Without either, within the time of redemption following foreclosure, the property vested "absolutely in the mortgagee, leaving no scintilla of right in the mortgagor cognizable either at law or in equity."

"In Maine . . . chattel mortgages and the rights, duties and remedies of the parties to them after breach of condition have been, and are, wholly regulated by statute." *Loggie* v. *Chandler*, supra, pages 226, 227; *Titcomb* v. *McAllister*, 77 Me., 353, 355.

The applicable statute in material parts reads:

"When the condition of a mortgage of personal property is broken, the mortgagor, . . . may redeem it at any time before . . . the right of redemption is foreclosed . . . by paying or tendering to the mortgagee, or the person holding the mortgage by assignment thereof, (duly recorded), the sum due thereon, or by performing, or offering to perform the conditions thereof, when not for the payment of money, with all reasonable charges incurred; and the property if not immediately restored, may be replevied, or damages for withholding it recovered in an action on the case." R. S. 1930, Chap. 105, Sec. 3.

This being a remedial statute, may be construed liberally; consequently its condition precedent for payment or tender before redemption or action at law for damages is not necessary of performance, when the mortgagee by his own act has made impossible the restoration of the mortgaged property. Excused is the useless ceremony of tender and demand, which otherwise would have been essential. *Richards* v. *Allen*, 17 Me., 296. It is said to be a settled rule of law that a demand, otherwise necessary, becomes useless and unnecessary when the party, on whom it is to be made, by his own act has disabled himself from complying with it. *Woods* v. *Cooke*, 61 Me., 215. Hence, failure of tender and demand here did not deprive the plaintiff of his statutory right of action at law.

The remedy provided by the statute is "an action on the case." Such is trover. *McConnell* v. *Leighton*, 74 Me., 415. So also are case and assumpsit. *Hathorn* v. *Calef, et al.*, 53 Me., 471, 477. Which should be brought—case, trover or assumpsit—depends upon the facts of the particular case, applying thereto the common law principles governing the form of action. As said in *Hathorn* v. *Calef*, supra, on page 477:

"But . . . whether in the form of assumpsit, or tort, must be decided from the nature of these facts."

The common law principles pertaining to the action brought must be observed.

"But this remedy at law must be sought agreeably to the ordinary rules affecting other actions at law." Jones' Chattel Mortgages and Conditional Sales, *supra*, Vol. 2, page 442.

This plaintiff declared in trover. As in other actions of tort, he must establish the commission of a wrong by the defendant, as well as a right in himself to recover damages for it. The wrong to be established in trover is termed conversion.

What is conversion?

"It is established as elementary law by well-settled principles, and a long line of decisions, that any distinct act of dominion wrongfully exerted over property in denial of the

owner's right, or inconsistent with it, amounts to a conversion. . . . If he has exercised a dominion over it in exclusion, or in defiance of, or inconsistent with, the owner's right that in law is a conversion, whether it be for his own or another person's use." *McPheters et als.* v. *Page*, 83 Me., 234, 235, 236, 22 A., 101, 102.

Then has this plaintiff, assuming the burden to prove conversion, would he recover in trover, done so? No; unless he has shown that this defendant by some distinct act has wrongfully exerted dominion over the property of the plaintiff in exclusion or in defiance of or inconsistent with his right in it. The plaintiff's right was simply to redeem. Following breach, the defendant had the right to immediate possession, actual possession as well as the legal title, subject only to the plaintiff's right of redemption. The distinct act claimed to constitute the conversion was the sale of the security by the conditional sale vendor. But such a sale did not *of itself* effect a conversion of the right to redeem. Without impairment of the right of redemption, at least in some degree, no wrong is done to a mortgagor by such a sale and no conversion committed.

"A sale of the entire property by the mortgagee, entitled to possession, before foreclosure, does not amount to a conversion of it for which the mortgagor may maintain an action in the nature of trover." Jones' Chattel Mortgages and Conditional Sales, 6th Ed., Vol. 2, Sec. 435, page 195.

In *Landon, et al.* v. *Emmons*, 97 Mass., 37, Justice Gray stated:

"A mortgagee, having the right of property, defeasible only on performance of the condition of the mortgage, may assign his mortgage, and sell the *mortgaged property to a third person, subject only to the mortgagor's right of redemption.* . . . When the mortgagee is entitled to the possession of the property, the mortgagor, having no right to the possession as against the mortgagee or his assigns, can not maintain an action of tort in the nature of trover. *Holmes* v. *Bell*, 3 Cush. 324; *Goodrich* v. *Willard*, 2 Gray, 203; *Leach* v. *Campbell*, 34 N. H., 568."

In the Landon case, *Spaulding* v. *Barnes*, 4 Gray 330 is disting-
uished, for in the latter the mortgagee did not sell all but only a
part of the property "which might perhaps be held to be inconsis-
tent with the rights of redemption of the mortgagor, and of attach-
ment by his creditors given by our statutes." The Court stated:

"Whether a sale by the mortgagee of part only of the mort-
gaged property would amount to a conversion, give the mort-
gagor an immediate right of possession, and enable him to
maintain an action in the nature of trover, is a question which
does not arise in the present case."

Neither does it arise in the case at the bar.

*Landon, et al.* v. *Emmons* has been followed in *Keeler* v. *Goodwin,
et al.*, 111 Mass., 490, 491; *Ring* v. *Neale,* 114 Mass., 111, 113;
*Clapp* v. *Campbell,* 124 Mass., 50, 52; *Copp* v. *Williams,* 135
Mass., 401, 404; *Wells* v. *Connable,* 138 Mass., 513, 515; *Raymond
Syndicate* v. *Guttentag,* 177 Mass., 562, 564.

In *Wells* v. *Connable,* supra, the plaintiff mortgaged a pair of
stags to the defendant, who subsequently to default repossessed the
property and sold it without foreclosure. Without payment, tend-
er or demand the plaintiff sued the defendant and the Court held
the declaration to be in the nature of trover. Then Chief Justice
Morton said that the defendant had the right "to come to the trial
relying upon the settled law that a mortgagor can not maintain
trover against his mortgagee."

In *Dahill* v. *Booker,* 140 Mass., 308, 5 N. E., 496, one Wheeler,
a mortgagee of personal property, for breach of condition re-
possessed the property and sold it to the defendant without fore-
closure. The plaintiff mortgagor sued in the nature of trover.
Justice Holmes stated, on page 309:

"The case is not affected by the transfer from Wheeler to
the defendant. The plaintiff's possession and right of possession
were put an end to by the breach of condition and Wheeler's
seizure. Under such circumstances, it is settled that a mort-
gagor can not maintain trover for a subsequent sale of all the
mortgaged goods together by the mortgagee. Such a sale

does not *of itself* import a repudiation of the mortgage, or determine the title under it. *Landon* v. *Emmons,* 97 Mass., 37. *Wells* v. *Connable,* 138 Mass., 513. See further *Halliday* v. *Holgate,* L. R., 3 Ex. 299; *Donald* v. *Suckling,* L. R., 1 Q. B. 585, 617; *Mulliner* v. *Florence,* 3 Q. B. D., 484."

Lest it be thought that Massachusetts had no statute similar to ours when *Dahill* v. *Booker,* supra, was decided, it should be stated that it did, and therein it was provided; " . . . and if upon such payment or performance, or upon tender thereof, the property is not forthwith restored, the person entitled to redeem may recover it in an action of replevin, or may recover in any action adapted to the circumstances of the case such damages as he may sustain by the withholding thereof." P. S. of Mass. 1882, Ch. 192, Sec. 6. Nevertheless, the Massachusetts Court held that a sale by the mortgagee in lawful possession following breach of the condition was not of itself a conversion justifying trover, as it neither imported a repudiation of the mortgage nor determined the title under it.

The record in this case does not disclose any repudiation or impairment of the plaintiff's right to redeem. So far as we know, the effect of the sale might have been to aid rather than hinder the vendee in the exercise of his right of redemption.

The right in the plaintiff to immediate possession of the property is indispensable in trover, even where he has the general title. *Gilpatrick* v. *Chamberlain, et al.,* 121 Me., 561, 118 A., 481. Right to possession at some future time is not enough to justify trover but may case for damage to the reversionary interest. *Ayer* v. *Bartlett,* 9 Pick., 156; *Raymond Syndicate* v. *Guttentag,* 177 Mass., 562, 564; *Moulton* v. *Witherell,* 52 Me., 237, 243; *Fairbank et al.* v. *Phelps,* 22 Pick., 535; Cooley on Torts, *supra,* pages 490, 491.

"When, therefore, it is said that the plaintiff in trover must have had, at the time of the conversion, the right to the property, and also a right of possession, nothing more can be intended than this: 'That the right of which he complains he has been deprived must have been either a right actually in possession or a right immediately to take possession; it is not

enough that it be merely a right in action or a right to take possession at some future date.' " Cooley on Torts, *supra*, page 489.

This sale by the defendant, not having impaired or repudiated the plaintiff's right of redemption, neither effected a conversion nor gave to the plaintiff the right to immediate possession, without either of which he could not maintain trover.

We know of no reason, however, why following the sale the plaintiff could not have tendered payment to the defendant, demanded the property, and, upon refusal of restoration, have maintained trover for a conversion then and thereby committed by the defendant's distinct act of dominion in denial of the plaintiff's right of redemption.

But it may be asked why the need of making this tender any more than of that provided for by the statute, which we have already stated was excused by the sale. In the latter instance, the purpose of the tender was to perform the statutory condition, precedent to the commencement of an appropriate action at law, the performance of which condition could be excused by the defendant. In the former instance, the sale not constituting conversion nor giving to the plaintiff the right to immediate possession, the plaintiff would make his tender and demand, not to perform the condition precedent to action but to establish the commission of the tort by the defendant by his refusal to restore the property, for until such, the defendant would have committed no wrong for reasons already stated. As the sale was not a conversion, giving the plaintiff the right to immediate possession, it could not excuse the necessity of a later tender and demand to be employed as a means to get into the plaintiff the right to immediate possession. A plaintiff in trover "must rely upon the strength of his own title and not upon the weakness of that of the defendant." Cooley on Torts, *supra*, Vol. 2, page 486. To obtain this indispensable right to immediate possession, the plaintiff must make his tender and demand following the sale, would he recover by virtue of his own strength and not the weakness of the defendant. Such tender and demand would not be useless and idle ceremony, for the resulting conversion would create

in the plaintiff that which he had not before, viz.; the lacking necessary element of right to immediate possession.

We will now consider the Maine cases particularly relied upon by the plaintiff, viz.: *Mathews* v. *Fisk*, 64 Me., 101; *Drummond* v. *Trickey*, 118 Me., 296, 108 A., 72; *Drake & Sons* v. *Nickerson*, 123 Me., 11, 121 A., 86; and *Bedford* v. *Bernstein*, 126 Me., 369, 138 A., 567.

*Mathews* v. *Fisk*, supra, is clearly distinguishable because there the debt had been paid, demand for the property had been made and consequently the plaintiff had the right to immediate possession, entitling him to maintain trover.

In *Drummond* v. *Trickey*, supra, Justice Hanson said, on page 297:

> "When the mortgagee exercised absolute dominion over the mortgaged property and disposed of the same by absolute sale before foreclosure, and did not account to the plaintiff or in any manner regard his substantial rights, he committed a wrongful act, which in this State has been held to be a conversion."

As supporting cases, the Court cited *Mathews* v. *Fisk*, supra, which already has been distinguished; *Spaulding* v. *Barnes*, 4 Gray, 330, distinguished by Judge Holmes in *Dahill* v. *Booker*, supra; *Lee* v. *Gorham*, 165 Mass., 130, 42 N. E., 556, governed by the Massachusetts statute of 1884, Chap. 313, relating to conditional sales of furniture and other household effects; *Bacon* v. *Hooker*, 173 Mass., 554, 54 N. E., 253, in which the unaccepted tender had re-vested the right to immediate possession in the plaintiff before the sale; *Montenegro-Riehm Music Company* v. *Beuris*, L. R. A. 1916, C 557 (Ky.), 169 S. W., 986, in which the Court held that the provision in the contract that title should not pass until payment was invalid under Kentucky law and so the seller had only a lien, which distinguishes it from our Maine decisions; and, finally, *Steidl, Respt.* v. *Aitken*, L. R. A. 1915, E., 192, 152 N. W., 276, in which the sale was held to be a conversion because the mortgagee had obtained his possession as a trespasser "maliciously and by force or fraud."

Furthermore, the language of Justice Hanson above quoted,

particularly, "or in any manner regard his substantial rights," tends to show that the Court would not hold that a sale by a mortgagee of mortgaged property would constitute conversion unless it did impair the right of redemption.

Of importance is it that *Drummond* v. *Trickey* as reported does not disclose whether the form of action was trover or case, but an examination of the writ reveals that it was *case*, which clearly justifies the decision. At most the statement of the Justice was *obiter dicta*, for the Court held that there was a sufficient tender.

In *Drake & Sons* v. *Nickerson*, supra, it is stated only that compliance by the mortgagor with his condition to pay, either by payment or tender, terminate the vital existence of the mortgage and causes title instantly to revert and, also, failure to pay or to tender payment within the statutory limit of time for redemption precludes redemption. Nowhere in the case is there any discussion of excuse of tender because of any sale of property by the mortgagee and there was in fact in that case no sale by the conditional sale vendee.

Finally, in *Bedford* v. *Bernstein*, supra, the plaintiff places his greatest reliance. In that case, without foreclosure, the conditional sale vendor subsequently to breach did not sell but destroyed the property, and it was held that the plaintiff could maintain trover without tender. The Court relied on *Drummond* v. *Trickey*, supra, which, as above stated, was an action on the case. Still, the judgment for the plaintiff was justified by the distinguishing fact of destruction of the property, its complete annihilation, rather than its sale. Nothing could more completely defeat redemption than destruction of the security and so constitute conversion.

Mr. Jones in his work on chattel mortgages and conditional sales, by way of summary of the law, draws the distinction between states holding to the lien and those to the title theory. In Vol. 2, pages 546 and 547, he says:

> "A mortgagee has, in some states as noted in the beginning of this section, the legal title to the property, and also the right of possession, unless this is expressly or by necessary implication given to the mortgagor. Having title and possession, he necessarily has the right of disposal, subject only to

the mortgagor's right of redemption; and the mortgagor, having neither the title nor the right of possession, can not maintain any action at law for the recovery of the property or of its value. . . . The rule is otherwise where a chattel mortgage is regarded as giving the mortgagee a mere lien upon the property and not as conferring a title upon him. A sale of the mortgaged property by him, after taking possession for condition broken, otherwise than by foreclosure sale, or without complying with all the requirements of the statute, is a conversion of the property."

As already stated, Maine adopts the title, not the lien theory.

So also does the conditional sale vendor hold title rather than a lien, for he has simply contracted to sell conditionally, and the contractors agree that title shall not pass until performance.

Our conclusion is that the plaintiff, having failed to prove conversion, and the consequent reinvestment in himself of the right to immediate possession, trover is not maintainable.

*Exceptions overruled.*