**Edward H. KINNEY**

v.

**TRUCK CENTER OF MAINE, INC.**

Supreme Judicial Court of Maine.

Jan. 16, 1969.

Albert L. Bernier, Waterville, for plaintiff.

Udell, Bramson, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, DUFRESNE and WEATHERBEE, JJ.

WEBBER, Justice.

On April 27, 1962 plaintiff-appellant purchased a truck-tractor from defendant corporation. Lacking the cash requirements for the down payment of $3490, the plaintiff gave two checks, one for $100 and one for $880, and financed the balance amounting to $2500 with Auto Finance Company, a separate corporation. Since confusion seems to have arisen with respect to the identity of these two corporations, it seems important at the outset to define the relationship. One Bernstein was treasurer of both corporations and owned the controlling stock interest in each. One Arnold was general manager of Truck Center but between the dates of April 27, 1962 and June 20, 1962, controlling here, he was not in the employ of Auto Finance. Mr. Arnold acted as salesman for Truck Center and arranged with Auto Finance for the financing of the balance of the down payment by means of a chattel mortgage on the vehicle. The balance of the purchase price was financed by a conditional sales contract on the truck-tractor assigned by Truck Center to Yellow Manufacturing Credit Corporation. Neither the check for $880 nor the $2500 loan were ever paid by the plaintiff.

On June 20, 1962 Mr. Arnold took physical possession of the truck. The evidence is in dispute as to whether he was then acting for Truck Center or for Auto Finance. Plaintiff's complaint alleges that this was the act of defendant Truck Center and amounted to tortious conversion. The undisputed evidence shows that on the date of the taking the defendant was the holder of the $880 "bad" check which had been given to it by plaintiff and not paid. Defendant was thus a general creditor of plaintiff but held no security interest on the plaintiff's vehicle. Auto Finance was the holder of a security interest in the form of an unpaid chattel mortgage on the vehicle which had not been foreclosed. Yellow Manufacturing was the holder of an unpaid conditional sale contract covering

the vehicle which had been assigned to it by defendant at its inception. Thus the interests stood and as between plaintiff and defendant, plaintiff was entitled to possession of the vehicle, absent any attachment processes instituted by defendant. The parties stipulated at pretrial that defendant sold the vehicle on October 23, 1962.

The parties recognize that Harvey v. Anacone (1936) 134 Me. 245, 184 A. 889, stands for the proposition that where the owner of a security interest on a chattel takes possession thereof and thereafter sells the vehicle without foreclosure, the owner of the equity therein cannot proceed as for conversion without first tendering the amount of his overdue indebtedness and demanding restoration of his property. Conversion would occur only upon the failure of the owner of the security interest to honor the redemption, at which time the mortgagor or conditional vendee would have established his right to immediate possession. It becomes apparent that Harvey can have no application here, no matter how the facts are found. If the taking was by the defendant, that corporation held no security interest under which it could repossess and claim the protection of Harvey in an action for conversion. If on the other hand, the taking was by Auto Finance, not a party here, there was no conversion *by this defendant* and Harvey is not reached. The factual determination as to the identity of the taker of the vehicle without legal process thus becomes of paramount importance.

We turn now to the factual findings on this issue. After hearing and on November 2, 1963 the Court made this finding:

"Plaintiff's claim of conversion, since the evidence shows no tender of payment due after default, must fail under the authority of Anacone, 134 Me. 245 [184 A. 889]."

On the plaintiff's claim for conversion the Court awarded judgment for the defendant.

On November 8, 1963 the plaintiff requested that the Court make findings of fact and state conclusions of law in accordance with M.R.C.P. Rule 52. The Court then requested that counsel prepare proposed findings of fact and conclusions. On November 26, 1965, *more than two years later,* plaintiff submitted proposed findings of fact and conclusions of law. On February 9, 1967, *more than a year after that,* defendant submitted its proposed findings of fact and conclusions of law. On March 30, 1967 the Justice below filed an order in which, after having justifiably criticized counsel for their inordinate delay in filing their proposals, he stated:

"The Court now rejects plaintiff's proposed findings of fact and conclusions of law and accepts those of the defendant. Consequently the Court's decision of November 2, 1963 is affirmed."

We turn now to the defendant's proposals thus adopted by the Court to ascertain what findings were actually made. We find therein the following:

"Finding of Facts:

A. Mr. Lewis Bernstein, Treasurer of Auto Finance Company, testified that he had instructed Mr. Arnold to get the tractor because of a delinquency on the chattel mortgage which the Plaintiff gave to Auto Finance Company. Mr. Arnold corroborated this and stated he took possession of the tractor for Auto Finance Company.

B. On September 27, 1962 a letter from Auto Finance Company was written to the Plaintiff as follows: 'On June 20, 1962 our agent repossessed a 1962 G. M. C. Tractor, on which we have held a note and Chattel Mortgage and which was in default. We are giving you until Octo-

ber 15, 1962 and that (sic) you have the right to redeem this Tractor by bringing your account up to date on or before this date.'

C. The evidence indicates that at no time did the Plaintiff offer to cure the default. Conclusion of Law:

The *Defendant* lawfully repossessed the Tractor and lawfully sold it at public sale. The rule enunciated in Harvey v. Anacone, 134 Maine 245 governs in this case." (Emphasis ours.)

 Upon analysis it is apparent that no facts are actually found in the foregoing proposal. There is no more than a mere recital of two pieces of testimony or evidence. What is lacking is a clear and unequivocal proposed finding, if such was the intention of the defendant, that the taking was by Auto Finance Company and not by the defendant. Error is compounded when we discover in the "Conclusion of Law" a finding of fact implicit in that conclusion that the *defendant* took the vehicle and later sold it. The reference to Harvey suggests that when the defendant "lawfully repossessed," it held some sort of security interest which as we have noted is contrary to the fact as disclosed by the undisputed evidence. We are left with an irreconcilable conflict between the findings and the judgment with respect to the conversion issue which cannot stand. In so saying we think it only fair to note that the Justice below on March 30, 1967 did not have the benefit of the complete record subsequently prepared for our review but was forced to rely upon his memory of a case tried 3½ years before, supplemented only by such notes as he may have made. A Court cannot fairly be expected to retain in memory the precise issues and factual details of a cold and stale case which has not been diligently prosecuted by opposing counsel over a period of several years. Under these unusual circumstances a heavy burden rested on counsel for defendant as representative of the prevailing party to make his proposals for adoption by the Court accurate as to both fact and law. The failure to distinguish the identities of Truck Center and Auto Finance and their respective and different interests was understandably misleading and confusing to the Court below.

In the fall of 1962 the defendant as guarantor of the note given to Auto Finance by plaintiff in the amount of $2500 was obliged to pay said note and take an assignment thereof. Accordingly, by amended counterclaim the defendant sought recovery from the plaintiff of the unpaid check of $880 and the note of $2500 with interest thereon. There was included an additional item not material here because not allowed by the Court. Judgment was given to defendant for $880 plus interest on the check and for $2500 without interest on the note. Auto Finance Company was a licensed small loan agency within the meaning of R.S. 1954, Ch. 59, Sec. 210. It is not suggested that Auto Finance charged interest on its $2500 loan in excess of the rates allowed by Sec. 210. Plaintiff advances no legal reason why the principal of this loan was not recoverable by an assignee thereof for value. The loan made directly by Auto Finance to plaintiff was entirely separate and distinct from the "retail instalment contract" as defined by R.S. 1954, Ch. 59, Sec. 249 entered into by defendant as "retail seller" and plaintiff as a "retail buyer" and subsequently assigned by defendant to Yellow Manufacturing. No reason is perceived for disturbing the judgment for the defendant on the counterclaim.

 We think that after a lapse of five years in a case in which the determination of factual issues depends in large part upon the credibility of witnesses, this case should be tried anew. In so saying we do not mean to preclude the parties from submitting the cause for a new determination upon the present record of evidence it they mutually agree to such a course.

The entry will be

Appeal from judgment on complaint sustained. Remanded for new trial. Plaintiff awarded one-half cost of record on appeal. Appeal from judgment on counterclam denied. No other costs on appeal to either party.

MARDEN, J., did not sit.